Civil action heard on motion to dismiss defendant's appeal from the recorder's court.
It appeared that the action, one of debt, was instituted in the recorder's court of said county and judgment was rendered in plaintiff's favor in August, and defendants took an appeal therefrom more than ten days before the next or September term of Superior Court of said county, and at the next term of Superior Court said appeal was not entered or docketed, nor was there any motion made for recordari or certiorari. At the following the November term Superior Court, the appeal having in the meantime been entered on the docket, plaintiff, by his counsel, moved that said appeal be dismissed, and, on judgment denying plaintiff's motion, he excepted and appealed.
The statute establishing a recorder's court for Harnett (85) County, Public-Local Laws 1913, ch. 602, confers criminal jurisdiction in certain specified causes, with the right of appeal therein. The act also confers jurisdiction in cases of contract and tort, the former to the amount of $500 and the latter of $300; but in civil causes no appeal is provided for. This right of appeal from a lower to a higher court was not recognized at common law in causes of this character. In such cases relief from erroneous judgments was obtained by writ of error or of false judgment; these writs emanating from some higher court. S. v. Bailey,65 N.C. 426; 2 Cyc., p. 519. In our State this method of review can be made available by writs of certiorari or *Page 128 recordari, the former being the appropriate term when it issues to a court of record, and, except in very restricted instances, such a writ will be issued only on a proper show of merits, on affidavit filed, and at the next term of the supervising court following a trial of the cause in the court below. Marler v. Clothing Co., 150 N.C. 519; Johnson v. Reformers,135 N.C. 385; Boing v. R. R., 88 N.C. 62; Koonce v. Pelletier,82 N.C. 237. And under our decisions these writs, in proper instances, are to be applied for in orderly procedure to our Superior Courts as courts of general jurisdiction, vested by our Constitution and statutes with appellate and supervisory powers over the judicial action of all the inferior courts of the State. S. v. Tripp. 168 N.C. 150; Rhyne v. Lipscombe,122 N.C. 650; Rev. 1905, sec. 584.
Speaking to this question in Tripp's case, the Court said: "Both under our Constitution and statutes the writs of certiorari,recordari, and supersedeas, `as heretofore in use,' have full vigor, in this State (Constitution, Art. IV, sec. 8, and Revisal, sec. 584), and whenever a substantial wrong has been done in judicial proceedings, giving a litigant legal right to redress, and no appeal has been provided by law, or the appeal that is provided proves inadequate, the Supreme Court, under the constitutional provisions, to all courts of the State and the Superior Courts of higher jurisdiction, by reason of the statute (and well sustained precedents), to all subordinate courts over which they exercise appellate power, may issue one or more of these important writs and under it see that the error is corrected and justice duly administered. The principle in this jurisdiction applies to criminal as well as to civil causes and enables our Superior Courts to supervise the judicial action of recorders, justices of the peace, and all courts, as stated, over which they are given appellate power," citing S. v. Locke,86 N.C. 647; S. v. Swepson, 83 N.C. 585; S. v. McGimsey, 80 N.C. 377;Brooks v. Morgan, 27 N.C. pp. 481-485; 4 Pl. and Pr., 27-55; 12 Cyc., p. 794.
It thus appears that while a litigant in this recorder's court is not without right of review in case an erroneous judgment has been (86) entered against him, no right of appeal having been given by the statute, he must proceed as indicated, by applying to the next term of the Supreme Court for a writ of certiorari, and this not having been done, and no valid excuse for this omission being shown or alleged, on the record as it now appears the case should have been dismissed on the plaintiff's motion. While we hold that no right of review by direct appeal now lies under the statute establishing this recorder's court of Harnett County, we consider it well to say that where a cause has been heretofore brought up and tried on appeal from the recorder's court without objection being made thereto, the jurisdiction of the *Page 129 
Superior Court would attach and its disposition of the same would not be disturbed merely for the reason that no right of appeal had been expressly given.
Under our decisions it seems that an appeal to the Supreme Court does not lie from a ruling of this character, the better practice being to note an exception and proceed to a further disposition of the cause. We have considered it better, however, to express our opinion on the question the parties desired to present, a course sometimes pursued where the matter is of moment and a decision may serve to save the parties the cost and harassments of further litigation. Jester v. Packet Co., 131 N.C. 54; S.v. Wylde, 110 N.C. 500; Guilford v. Ga. Co., 109 N.C. 310.
In recognition of these authorities, the present appeal must also be dismissed.
Appeal dismissed.
Cited: Drug Co. v. R. R., 173 N.C. 88 (1d); Yates v. Ins. Co.,173 N.C. 478 (3c); Bargain House v. Jefferson, 180 N.C. 33 (3c);Sneed v. Highway Com., 194 N.C. 48 (3c); Allen v. Ins. Co., 213 N.C. 588
(1c); Cox v. Kinston, 217 N.C. 397 (1c); Knight v. Little, 217 N.C. 682
(3c); Washington v. Bus, Inc., 219 N.C. 860 (3j); S. v. King, 222 N.C. 140
(1c); Pue v. Hood, Comr. of Banks, 222 N.C. 312 (1c); Belk's DepartmentStore v. Guilford County, 222 N.C. 444 (1l); Hunsucker v. Winborne,223 N.C. 657 (1c).