R. W. RIDDLE, ADMINISTRATOR OF TED BURWELL v. R. L. HONBARRIER AND G. K. LOFTIN, TRADING AS COLONIAL MOTOR FREIGHT LINES, AND FRED LOFTIN.

and

HORTON MOTOR LINES, INC., v. R. L. HONBARRIER AND G. K. LOFTIN, TRADING AS COLONIAL MOTOR FREIGHT LINES, AND FRED LOFTIN.

(Filed 24 November, 1937.)

1. **Trial § 47—**

A motion for a new trial for newly discovered evidence must be made and heard at the trial term, but the parties may, either by expressed or implied consent, waive this requirement and agree that the motion be made and heard at a subsequent term.

2. **Same—Plaintiff held not to have consented to hearing of motion to set aside verdict for newly discovered evidence at subsequent term.**

Where a party requests a continuance for a hearing upon a motion to set aside the verdict as being against the weight of the evidence and for errors upon the trial, the court's order that by consent the cause should go over to the next term to be heard on motion to set aside the verdict, will be construed therewith, and the consent applies only to the hearing of the motion for which the continuance was requested, and does not constitute a consent to the hearing of a motion for a new trial for newly discovered evidence at the next succeeding term.

STACY, C. J., DEVIN and BARNHILL, JJ., dissent.

APPEAL by plaintiffs from *Rousseau, J.,* at March Term, 1937, of MECKLENBURG. Reversed and remanded.

*Robinson & Jones and Cochran & McCleneghan for plaintiffs, appellants.*

*J. Laurence Jones for defendants, appellees.*

SCHENCK, J. These two actions, consolidated for the purpose of trial at the February Term, 1937, of Mecklenburg, were to recover damages for the wrongful death of an intestate and for the destruction of an automobile, respectively, alleged to have been proximately caused by the negligence of the defendants. The evidence tended to show that the automobile driven by the intestate and owned by Horton Motor Lines and the automobile of the Colonial Motor Freight Lines, driven by Fred Loftin, collided on the public highway in the state of Virginia near Fredericksburg on 22 September, 1935, and that the intestate was killed and the Horton automobile damaged.

The actions were tried upon appropriate issues of negligence, contributory negligence, and damage. The issues were answered in favor of the plaintiffs. The plaintiffs tendered judgment.

The record contains the following:

"After the coming in of the verdict, and at the trial term, counsel for the defendants appeared in court and announced his intention of making a motion to set aside the verdict on the ground that it was contrary to the weight of the evidence, and because of errors committed in the course of trial, and the said counsel requested the court to continue the cases for the hearing of said motion at the next term of court in order that he might have the testimony of the witness W. D. Duckworth transcribed to use in connection with the argument of said motion. Thereupon an order was entered as follows: 'By consent, this matter goes over until next civil term, to be held on motion to set aside the verdict. Judgment may be signed at that time and have the same effect as if signed at this time.'

"At the 1 March, 1937, Term, being the next term after the trial term, the defendants filed the motion appearing in the record, based on newly discovered evidence, and did not argue motion to set aside the verdict as being against the weight of the evidence or for errors committed in the course of the trial.

"Prior to the argument of the motion for a new trial on the ground of newly discovered evidence, the plaintiffs objected to the hearing of said motion on the ground that it could not be filed and heard after the trial term, and on the ground that the order continuing the case did not continue it for the hearing of such a motion. The said objection was

overruled and the plaintiffs excepted, which is plaintiffs' Exception No. 1.

"Prior to the signing of any order on the motion for new trial the plaintiffs tendered the judgment appearing in the record and marked 'Tendered and refused.' The court declined to sign said judgment and the plaintiffs excepted, which is plaintiffs' Exception No. 2."

"It is well settled under our practice that a motion to set aside a verdict and grant a new trial upon the ground of newly discovered evidence must be made and determined at the same term at which the trial is had." *Stilley v. Planing Mills,* 161 N. C., 517. However, by consent, this requirement may be waived, and a motion to set aside the verdict for newly discovered evidence may be lodged and passed upon at a subsequent term. This consent may be either expressed or implied. *Acceptance Corp. v. Jones,* 203 N. C., 527.

So the question presented to us is as to whether the order entered at the trial term and reading: "By consent, this matter goes over until next term, to be held (heard) on motion to set aside the verdict. Judgment may be signed at that time and have the same effect as if signed at this time," shall be read in connection with the announced intention of the defendant of "making a motion to set aside the verdict on the ground that it was contrary to the weight of the evidence, and because of errors committed in the course of trial" and thereby limited to the scope of said motion, or whether the words "to be held (heard) on motion to set aside verdict" shall be interpreted without relation to any announced motion of the defendant and as meaning *any* motion to set aside the verdict for *any* cause.

We are of the opinion that the order made at the February Term was entered in pursuance of the announcement made in open court at that term by counsel for the defendants, and that the consent mentioned in the order included only such a motion as was announced as intended to be made by defendants' counsel, and for the hearing of which he requested the court to continue the case, and did not extend to any other motion to set the verdict aside. Entertaining the view that the consent order authorized the making at a subsequent term of a motion to set aside the verdict only for the reason that it was against the greater weight of the evidence or for errors committed in the course of the trial, we hold that his Honor was without jurisdiction to entertain at the March Term a motion to set aside the verdict for newly discovered evidence.

The order setting aside the verdict is reversed and the case remanded for judgment in accord with the verdict.

Reversed.

STACY, C. J., DEVIN and BARNHILL, JJ., dissent.