STATE v. KEITH WAYNE TODD.

(Filed 13 December, 1944.)

**1. Criminal Law § 68a—**

It is provided by G. S., 15-179, that an appeal in a criminal case to this Court may be taken by the State in four specific instances, naming them, "and no other." An appeal by the State from a judgment granting a new trial on the ground of newly discovered evidence falls within the "and no other," albeit the State seeks to present only a question of law.

**2. Criminal Law § 69: Appeal and Error § 18—**

Where there is no right of appeal, a *certiorari* as a substitute therefor cannot be granted.

APPEAL by State from *Dixon, Special Judge,* at August Criminal Term, 1944, of CUMBERLAND.

At the January Criminal Term, 1944, Cumberland Superior Court, the defendant was tried upon indictment charging him with the murder of one James L. Faison, which resulted in a conviction of murder in the second degree and sentence. No error was found on appeal at the Spring Term, 1944, opinion filed 24 May, 1944, and reported *ante,* 358.

At the next succeeding term of Cumberland Superior Court (June Term) following affirmance of the judgment on appeal, the defendant filed motion for new trial on the ground of newly discovered evidence. Due to illness of the defendant and on motion of his counsel, the motion was set over to the next succeeding criminal term for hearing.

The motion then came on for hearing at the August Criminal Term, 1944, Cumberland Superior Court, and judgment was entered allowing the motion and ordering a new trial.

From this order, the State appeals, alleging want of sufficient showing of "newly discovered evidence," as that phrase is defined in the law (*S. v. Casey,* 201 N. C., 620, 161 S. E., 81), to invoke the discretionary ruling in favor of the defendant (*Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760).

The State also files motion for *certiorari.*

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State, appellant.*

*Oates, Quillin & MacRae for defendant, appellee.*

STACY, C. J. The State contends that under the showing made, *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160, and at the time of the hearing, *Riddle v. Honbarrier,* 212 N. C., 528, 193 S. E., 721, the Superior

Court was without authority to entertain the motion or to grant the relief sought. The defendant contends otherwise. *S. v. Edwards,* 205 N. C., 661, 172 S. E., 399; *S. v. Casey, supra.*

However this may be, we are precluded from passing upon the merits of the matter, because the State has no right of appeal in the circumstances disclosed by the record. *S. v. McCollum,* 216 N. C., 737, 6 S. E. (2d), 503; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292. It is provided by G. S., 15-179, that an appeal to this Court may be taken by the State in four specific instances, naming them, "and no other." *S. v. Branner,* 149 N. C., 559, 63 S. E., 169. Admittedly, the present case falls within the "and no other" of the statute, albeit the State seeks to present only a question of law.

We have then a matter which comes within the inhibition of the statute, rather than within its grant. A similar situation arose in the case of *S. v. Davidson* (1899), 124 N. C., 839, 32 S. E., 957, where it was said that perhaps instances involving only questions of law were omitted from the statute by inadvertence, but the statute is the same today as it was then. "A judicial inquiry is one which investigates, declares and carries out existing law"—*Brown, J.,* in *Hudson v. McArthur,* 152 N. C., 445 (loc. cit. 454), 67 S. E., 995.

Nor is the situation saved by the application for *certiorari.* *S. v. Swepson,* 82 N. C., 541. To bring up the matter in this way would be to accomplish by indirection what the statute expressly forbids. The case is not one in which the alleged error appears on the face of the record proper, which might be corrected in our supervisory power, Const., Art. IV, sec. 8, *S. v. Lawrence,* 81 N. C., 522, but it is to review a ruling of the court entered on motion after trial. *Alexander v. Cedar Works,* 177 N. C., 536, 98 S. E., 780. This would require a *"postea* or case to be made up." *Ex parte Biggs,* 64 N. C., 202; *S. v. Moore,* 210 N. C., 686, 188 S. E., 421.

It results, therefore, since the case is one in which the State has no right of appeal, a dismissal must necessarily follow. *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630. "As no appeal lay, a *certiorari* as a substitute therefor cannot be granted." *Guilford v. Georgia Co.,* 109 N. C., 310, 13 S. E., 861.

Appeal dismissed.

*Certiorari* denied.