### IN THE MATTER OF C. WALTER STOKLEY.

(Filed 29 September, 1954.)

**1. Criminal Law § 14½—**

On *certiorari* from an inferior court, the Superior Court acts only as a court of review and is confined to the facts as they appear of record.

**2. Same—**

*Certiorari*, as a substitute for an appeal, must be applied for in apt time, ordinarily at the next term of the supervising court. In this case petition for *certiorari* filed some 11 years after sentence was not in apt time and should have been denied.

**3. Criminal Law § 67a—**

This was an appeal by the State from judgment of the Superior Court upon a writ of *certiorari* issued some 11 years after the rendition of the judgment attacked. *Held:* Regardless of the State's right to appeal from the judgment of the Superior Court releasing defendant from custody, the Supreme Court, in the exercise of its supervisory power, holds *ex mero motu*, that after the lapse of such time the writ of *certiorari* was not available and that the writ was improvidently issued, and the cause is remanded to the inferior court. Constitution of North Carolina, Art. IV, sec. 8.

APPEAL by the State of North Carolina from *Morris, Resident Judge* of the First Judicial District, in Chambers, at the courthouse of PASQUO-TANK County, 24 July, 1954.

Petition for writ of *certiorari* 19 July, 1954, to bring up for review as irregular criminal proceedings had in the Recorder's Court of Pasquotank County in the year 1943, which are bases for commitment in 1954 for violation of conditions of suspended judgment as determined in 1943.

The record on this appeal reveals these salient facts:

1. On 9 April, 1943, in a criminal proceeding #11836 in the Recorder's Court of Pasquotank County, defendant C. Walter Stokley, was con-victed of offenses of unlawful possession and transportation of illicit intoxicating liquors, and was sentenced to jail for a term of two years to

work on the public roads. The road sentence was suspended on conditions that defendant be placed upon probation for a period of two years, and as a special condition thereof he "should not violate any State or Federal law relative to the manufacturing, possession, selling and transportation of intoxicating beverages."

2. Thereafter on 19 June, 1943, three warrants were issued out of the Recorder's Court of Pasquotank County charging defendant C. Walter Stokley with separate violations of the prohibition law (1) on 5 June, 1943, #12,445, (2) on 17 June, 1943, #12,446, and (3) on 19 June, 1943, #12,447, and upon trial, the cases being consolidated therefor, the court found defendant guilty on all counts. And in #12,445 judgment was rendered "7/2/43," sentencing defendant to two years on the roads, suspended on good behavior and general probation for 5 years "after the serving of 2-yr. sentence in violation of probation in Docket No. 11,836."

3. Prior thereto on 30 June, 1943, the Judge of the Recorder's Court of Pasquotank County, upon motion of prosecuting attorney, and after hearing of evidence and argument of counsel, in presence of defendant, found as a fact that defendant had violated the special condition on which the sentence of 9 April, 1943, was suspended, by unlawfully and willfully violating the State law in specific respects as to intoxicating liquors, and thereupon ordered that the jail and road sentence imposed upon the defendant in the judgment of 9 April, 1943, be put into effect, and defendant was ordered into custody and held under bond to report at noon 8 July, 1943, for the purpose of serving said sentence. But defendant failed to appear at the time and place ordered. Whereupon judgment *nisi* was entered, and *sci. fa.* ordered and capias ordered and issued for defendant as a fugitive from justice. Capias was served 6 July, 1954.

4. Thereupon, defendant filed a bond in the sum of $2,000 for his personal appearance at next term of Superior Court of Pasquotank County "then and there to answer to a charge to be preferred against him for failing to comply with judgment of court and as a fugitive from justice and to abide the orders and decrees of said court in said cause," and petitioned for *certiorari*, as first hereinabove stated. The Resident Judge, being of opinion that, as a matter of law, as to the record, "because the dates appearing on the warrant and order of revocation are inconsistent with the date of adjudication appearing on the docket, the order of revocation was irregular and invalid, and that the court was bound thereby on this hearing in *certiorari*, and that, on the record, as a matter of law, the defendant C. Walter Stokley is not amenable to commitment for service of a prison sentence for violation of probation, and his petition in *certiorari* should be sustained and the defendant be released from custody and from the terms of his appearance bond entered into July 6, 1954, and it is so ordered and adjudged."

The State excepts and appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*
*W. C. Morse, Jr., for petitioner-defendant.*

WINBORNE, J.   In brief of defendant filed presently in this Court it is stated that the State contends that when a criminal action is brought from an inferior court to the Superior Court on *certiorari,* the Superior Court can act only as a court of review, and must act on the facts as they appear of record.   This is not debatable.   *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241.

*Certiorari,* as a substitute for an appeal, must be applied for in apt time, *S. v. Lawrence,* 81 N.C. 522; *Taylor v. Johnson,* 171 N.C. 84, 87 S.E. 981,—ordinarily at the next term of the supervising court. Surely eleven years, from 8 July, 1943, to 6 July, 1954, is not in apt time.

The error in granting the writ appears upon the face of the record proper.   Compare *S. v. Todd,* 224 N.C. 776, 32 S.E. 2d 313.   So whether the State has the right to appeal from the judgment rendered in this case, a point raised by the Attorney-General, this Court, in the exercise of its supervisory power over courts of the State, N. C. Constitution, Art. IV, sec. 8, *Taylor v. Johnson, supra,* holds *ex mero motu,* that is, of its own motion, that after such lapse of time a writ of *certiorari* is not available to bring up for review by the Superior Court proceedings had in an inferior court eleven years previously.

Hence this Court is constrained to hold that the writ of *certiorari* was improvidently issued.   Therefore the judgment below will be reversed, and the proceeding remanded to the Recorder's Court of Pasquotank County for further proceedings as to right and justice appertains and as the law provides.   And to this end defendant will be taken into custody, and held to bail in the sum of $2,000 to abide the orders of the court.

Reversed and remanded.