VERMELLE C. KELLY v. CAESAR BACCHUS PIPER, JR., H. F. ASHBURN AND JOHN WESLEY ASHBURN, AND H. F. ASHBURN AS GUARDIAN AD LITEM FOR JOHN WESLEY ASHBURN.

(Filed 2 November, 1955.)

**Appeal and Error §§ 1, 2—**

While ordinarily the action of the trial judge in permitting a party to amend so as to plead a judgment obtained by him in another action, is in the exercise of the court's discretion, and an appeal therefrom will be dismissed as premature, the Supreme Court will take judicial notice of its own decision setting aside the judgment pleaded and ordering a new trial in the other action, and in the exercise of its supervisory power over the courts of the State, will order the amendment stricken *ex mero motu*. Constitution of North Carolina, Article IV, Sec. 8.

APPEAL by defendants, H. F. Ashburn and John Wesley Ashburn, and H. F. Ashburn, Guardian *ad litem* for John Wesley Ashburn, from *Johnston, J.,* at 11 July, 1955 Term, of FORSYTH.

Civil action to recover damages to person and property allegedly sustained by plaintiff as result of actionable negligence of defendants,— heard upon motion of defendant Caesar Bacchus Piper, Jr., for an order allowing him to amend his cross-action against the defendants Ashburn so as to plead judgment obtained by him in his action against the Ashburns "as a full and final determination of the rights and liabilities as between and among the defendants in this action, all of whom were parties to the hereinabove mentioned suit instituted by the defendant Caesar Bacchus Piper, Jr., against H. F. Ashburn and John Wesley Ashburn."

The cause coming on to be heard upon the motion above referred to, the court, in the exercise of its discretion, being of the opinion that such motion should be granted, so ordered. The defendants excepted thereto and gave notice of appeal, and appeal to the Supreme Court and assign error.

*Smith, Moore, Smith & Pope for defendant Piper, appellee.*
*Deal, Hutchins & Minor for defendants Ashburn, appellants.*

PER CURIAM. The judgment or order from which this appeal is taken was entered by the judge in the exercise of his discretionary power. Ordinarily such appeal is premature, and will be dismissed.

Nevertheless, the Court takes notice of its decision entered cotemporaneously herewith by which error is found in the judgment sought to be pleaded, and a new trial is ordered therein. Hence the alleged basis

for the order from which appeal is undertaken is wiped out, and the amendment, figuratively, is left suspended in mid-air.

Therefore the Supreme Court in the exercise of its supervisory power over courts of the State, N. C. Const., Art. IV, Sec. 8, *In re Stokley*, 240 N.C. 658, 83 S.E. 2d 703, *ex mero motu*, orders the amendment stricken from the record.

The costs of this appeal will be divided between defendants appellant and defendant appellee.

Appeal dismissed.

Amendment stricken.