## CITY OF SANFORD v. SOUTHERN OIL COMPANY.

(Filed 26 June, 1956.)

**1. Municipal Corporations § 33—**

Where notice of appeal from assessment for street improvements is not given until more than ten days after the assessment roll had been made final, the appeal is properly dismissed, G.S. 160-89, and *certiorari* is not available.

**2. Administrative Law § 4—**

Where a statute provides procedure for an appeal from an administrative agency or court inferior to the Superior Court, the procedure must be followed, and *certiorari* cannot be used as a substitute for an appeal either before or after the time for appeal has expired, but will lie only in proper cases when it is impossible for the aggrieved party to perfect his appeal during the time allowed by the statute.

**3. Same—**

*Certiorari* will lie when the aggrieved party, through no fault of his own, is unable to perfect his appeal within the time allowed by statute, and there is merit in his exceptions to the action of the administrative agency or inferior court.

**4. Same—**

A writ of *certiorari* may be used as an ancillary writ to require a lower court or administrative agency to send up to the Superior Court records, papers, documents, and other matter necessary to dispose of the appeal.

JOHNSON, J., not sitting.

APPEAL by defendant from *Williams, J.,* September Term 1955, LEE.

Petition by the owners of a majority of the lineal feet (other than railway company) of property abutting on Moore Street, addressed to the Board of Aldermen of plaintiff to have said street paved. The sufficiency of the petition was investigated and approved, whereupon the Board of Aldermen of plaintiff passed a resolution creating Street Im-

provement District Number 305 for the purpose of making the improvement applied for, half the cost to be prorated among the abutting property owners.

On 7 April 1954 notice was served on defendant, owner of 72.5 feet of the frontage on the street to be improved, of the creation of said district and of the work to be done and of the fact that one-half of the cost would be apportioned among the abutting property owners.

Thereafter the contract for said improvement was executed, the work was done, and the assessment roll was prepared.

On 19 November 1954 plaintiff notified defendant to appear before the Board of Aldermen on 7 December for the purpose of making known any exceptions to the special assessment and all the property owners were notified that final action on the assessment would be taken at said meeting.

On 7 December 1954 the Board of Aldermen of plaintiff met for the consideration of the final assessment roll. The hearing not having been completed at that time, the meeting was recessed until 9 December 1954, at which time the assessments were duly approved and made final. Defendant appeared at the meetings on 7 December and 9 December and made various and sundry protests and objections.

On 24 December 1954 the defendant had served on the clerk of the Board of Aldermen of plaintiff a statement of facts on appeal in accordance with G.S. 160-89. While the record contains a notice of appeal dated 17 December 1954, it is not made to appear that this notice was ever served on plaintiff or on any official thereof. Plaintiff in its brief does state, however, that the notice was included in the statement of facts on appeal served on it on 24 December 1954, more than ten days after the assessment roll had been made final.

On 10 January 1955, plaintiff moved the court that the appeal of the defendant be dismissed.

On 26 September 1955, a hearing was had in the court below on the motion to dismiss. Defendant, at that time, moved for a writ of *certiorari*. The court issued the writ and considered the records and papers filed with the court below pursuant thereto. On 8 October 1955, the court dismissed the attempted appeal of the defendant and affirmed the assessments made by the Board of Aldermen, including the assessment against the defendant. From the judgment of dismissal the defendant appealed.

*Gavin, Jackson & Gavin for plaintiff appellee.*
*Dixon & Dark and J. W. Hoyle for defendant appellant.*

BARNHILL, C. J.   The statute, G.S. 160-89, grants abutting property owners in a street improvement project such as the one here involved

the right of appeal to the Superior Court. The defendant failed to perfect his appeal from the final order of the Board of Aldermen of plaintiff affirming the assessment roll. The judge below so found, and there is no exception to the finding made. The appeal was properly dismissed.

When the applicable statute provides an appeal from an administrative agency or an inferior court to the Superior Court, the procedure provided in the Act must be followed. A writ of *certiorari* cannot be used as a substitute for an appeal either before or after the time for appeal has expired. In proper cases an appellant may apply for a writ of *certiorari* when it is impossible for him to perfect his appeal during the time allowed by the statute. But the writ should not be allowed until or unless the application therefor makes it appear that (1) the aggrieved party cannot perfect the appeal within the time provided by the statute, (2) his inability to perfect his appeal within the time allowed is not due to any fault on his part, and (3) there is merit in his exceptions to the action of the administrative agency or inferior court, as the case may be. *In re Stokley,* 240 N.C. 658, 83 S.E. 2d 703; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66; *S. v. Moore,* 210 N.C. 686, 188 S.E. 421; *Taylor v. Johnson,* 171 N.C. 84, 87 S.E. 981; *Todd v. Mackie,* 160 N.C. 352, 76 S.E. 245.

The writ of *certiorari* may likewise be used as an ancillary writ to require a lower court or administrative agency to send up the Superior Court records, papers, documents, and other matter necessary to dispose of the appeal. *Baker v. Varser,* 240 N.C. 260, 82 S.E. 2d 357; *Russ v. Board of Education,* 232 N.C. 128, 59 S.E. 2d 64; *Belk's Department Store, Inc., v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897.

Here the judgment recites that the cause was heard on application for a writ of *certiorari* for which the defendant did not apply until more than eight months after his time for appeal had expired. The court below advisedly denied the application and dismissed the action.

There is further reason why the judgment entered in the court below must be affirmed. The General Assembly, by the adoption of c. 582, Session Laws 1955, "in all respects approved, legalized and validated" all proceedings had in the street improvement project here involved, including the final assessment roll. We have heretofore held that such validating legislation is permissible and serves to cure any defect in the proceedings and to validate the assessments made. *Gallimore v. Thomasville,* 191 N.C. 648, 132 S.E. 657, and cases cited; *High Point v. Clark,* 211 N.C. 607, 191 S.E. 318; *Crutchfield v. Thomasville,* 205 N.C. 709, 172 S.E. 366.

For the reasons stated the judgment entered in the court below must be

Affirmed.