SAM JOHNSON v. J. R. TAYLOR, SR. AND WIFE, ALMA L. TAYLOR, JULIA BOGGS MILLS, ALTON MILLS AND MR. AND MRS. J. C. METTS.

(Filed 10 October 1962.)

**1. Boundaries § 7**

Where respondents in a processioning proceeding admit plaintiff's title to land and claim title to contiguous land by adverse possession, and dispute the boundaries asserted by petitioner between the two tracts of land, no issue of title is raised and the clerk has jurisdiction to enter judgment declaring the boundaries. G.S. 38-3.

**2. Courts § 7; Appeal and Error § 16—**

*Certiorari* may not be used as a substitute for appeal, and where respondents fail to except to judgment of the clerk in processioning proceedings fixing the boundary line between the contiguous tracts, and fail to take an appeal from such judgment within the time allowed by statute, G.S. 38-3(2), without any showing of excusable neglect, petition for *certiorari* to review the judgment of the clerk is properly denied.

APPEAL by original respondents Taylor from *Bone, J.,* January Term 1962 of ONSLOW.

This was a processioning proceeding instituted by the petitioner on 21 May 1959 for the purpose of having the court locate the true dividing line between the lands of the respective parties.

A description of the tract of land owned by the petitioner was set out by metes and bounds in the amended petition. Respondents Taylor admitted they were "the owners of certain lands lying east of and adjoining the lands owned by the petitioner"; however, they denied the correctness of the boundary line between the lands of the parties as claimed by the petitioner.

Respondents further alleged that neither the petitioner nor the respondents had title to certain land claimed by the petitioner, and alleged that said land was owned by J. C. Metts and Julia Ward Boggs Mills and prayed that they be made parties to the proceeding. These respondents further alleged that they claimed certain of the lands involved by adverse possession against all other persons for more than twenty years and prayed that the proceeding be transferred by the Clerk to the Civil Issue Docket of the Superior Court of Onslow County.

The Clerk entered an order on 18 March 1960, making J. C. Metts and wife and Julia Ward Boggs Mills and her husband parties to the proceeding. A copy of the summons and petition were served on these additional respondents on 22 March 1960.

This cause came on for hearing before the Honorable W. F. Justice, Clerk of the Superior Court of Onslow County, pursuant to the provisions of G.S. 38-3. The petitioner and the original respondents were present at this hearing or were represented by counsel. Prior to this hearing, the parties had agreed that Sam J. Morris, Jr., Registered Engineer of Jacksonville, North Carolina, should prepare a map showing the property of the petitioner and disputed by the respondents. This map, together with the petition, the orders, the amended petition, the answer, and other evidence with respect to the true location of the dividing line of the lands involved, were considered. The Clerk, upon all the evidence, determined the location of the dividing line between the lands of the respective parties and set out his findings in detail in his judgment.

No exception was entered to the signing of the judgment, nor was an appeal taken therefrom within the time allowed by statute, G.S. 38-3, subsection 2.

A motion signed personally by the original respondents was filed before the Clerk of the Superior Court of Onslow County on 24 June 1960, requesting the Clerk to set aside the judgment entered by him on 9 June 1960. This motion was denied on 18 July 1960. The respondents excepted to the order denying their motion and gave notice of appeal to the Superior Court.

The appeal came on for hearing before the Honorable Malcolm C. Paul, duly assigned to hold the November Term 1960 of the Superior

Court of Onslow County. Judge Paul found that all parties were present or represented and further found as a fact that the paper writing filed on 24 June 1960 in this cause, signed by J. R. Taylor and wife, Alma L. Taylor, purporting to be an action or appeal in this cause, was never served on the petitioner or his attorney, and that said paper writing was filed more than ten days after 9 June 1960, the date on which the judgment was entered in this cause by the Honorable W. F. Justice, Clerk of the Superior Court of Onslow County. Judge Paul dismissed said motion or appeal signed by the originial respondents.

At the March Term 1961 of the Onslow County Superior Court, J. R. Taylor, one of the original respondents, filed a motion before the Honorable Chester Morris, who was holding said term of court, to set aside the Clerk's judgment dated 9 June 1960. Judge Morris entered an order denying the motion on the ground that another Judge of the Superior Court, to wit, the Honorable Malcolm C. Paul, had heard and adjudicated the matter. The respondent excepted to the denial of his motion and gave notice of appeal to the Supreme Court, which appeal was never perfected.

The original respondents filed a petition before the Honorable Henry L. Stevens, Jr., Resident Judge of the Fourth Judicial District, for a writ of *certiorari* to be directed to the Clerk of the Superior Court of Onslow County, commanding and directing him to forthwith transfer all papers in this cause to the Superior Court and to place same on the docket and calendar it for a hearing *de novo* on the merits at the very next civil term of said court. Judge Stevens granted the writ on 25 May 1961.

Prior to the filing of the petition for the writ of *certiorari,* original counsel for the respondents had withdrawn from the case; and after this writ had been allowed, counsel for the petitioner also withdrew from the case with the approval of the court.

This cause came on to be heard before his Honor, Judge Bone, holding the January Term 1962 of the Superior Court of Onslow County. Judge Bone, after reviewing the entire record in the cause and finding the facts, held (1) that the respondents are not entitled to have this cause heard *de novo* in the Superior Court at term before a judge and jury upon writ of *certiorari* as a substitute for an appeal from the judgment of the Clerk; (2) that the respondents' motion to set aside the judgment of the Clerk is *res judicata;* (3) that respondents' petition for writ of *certiorari* as a substitute for an appeal be denied; and (4) that the costs of this proceeding be taxed against the respondents.

Judgment accordingly was signed on 18 January 1962. The respondents appeal, assigning error.

*Charles L. Abernathy, Jr., for respondents Taylor.*
*No counsel contra.*

DENNY, C.J.   A careful examination of the pleadings in this proceeding, leads us to the conclusion that title to land was not involved and the Clerk of the Superior Court of Onslow County had jurisdiction to enter the judgment signed by him on 9 June 1960. The respondents did not except to this judgment, neither did they give any notice of appeal therefrom to the Superior Court.

In the case of *Plemmons v. Cutshall,* 234 N.C. 506, 67 S.E. 2d 501, this Court said: "(A) perusal of the answers shows that respondents admit that petitioners own land adjoining the land they, the respondents, expressly aver they own, and of which they have had adverse possession for more than seven years under color of title, — yea, more than twenty years under known and visible lines and boundaries.

"Thus no issue of title is raised, — either as to the lands of petitioners, or as to the lands of respondents. So, after all the underbrush is cleared away, the pleadings raise only the issue as to 'What is the true dividing line between the lands of petitioners and the lands of respondents?' See *Greer v. Hayes,* 216 N.C. 396, 5 S.E. 2d 169; *Cornelison v. Hammond,* 225 N. C. 535, 35 S.E. 2d 633."

Insofar as the record discloses, the additional respondents never filed answers or participated in any of the hearings in this cause. Moreover, there is no finding or other indication that the dividing line between the lands of petitioner and the original respondents, as determined by the Clerk of the Superior Court of Onslow County, affected the rights of the additional respondents in any way whatsoever.

*Certiorari* may not be used as a substitute for an appeal expressly provided for by law, unless the right of appeal has been lost through no fault of the petitioner. An appeal in a processioning proceeding from the judgment entered therein by a clerk of the superior court in determining the location of a boundary line, is expressly provided for in G.S. 38-3, subsection 2, which reads as follows: "Either party may within ten days after such determination by the clerk serve notice of appeal from the ruling of the clerk determining the said location. When notice of appeal is served it shall be the duty of the clerk to transmit the issues raised before him to the next term of the superior court of the county for trial by a jury, when the question shall be heard *de novo.*" See *McDowell v. Kure Beach,* 251 N.C. 818, 112 S.E. 2d 390; *Sanford v. Oil Co.,* 244 N.C. 388, 93 S.E. 2d 560; *Russ v. Bd. of Education,* 232 N.C. 128, 59 S.E. 2d 589; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66; *Belk's Dept. Store, Inc. v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897.

In this proceeding, Judge Bone found as a fact that the respondents "have lost their right of appeal from the judgment of the Clerk, not by reason of excusable neglect, but by their own folly in attempting to handle their own case, in some instances without assistance of counsel, and, in other instances, contrary to advice of counsel." There is ample evidence on this record to support this finding.

Consequently, we concur in the ruling of the court below that the respondents are not entitled to have this cause heard *de novo* in the superior court upon writ of *certiorari* as a substitute for an appeal from the judgment entered by the Clerk of the Superior Court of Onslow County on 9 June 1960.

The judgment of the court below is

Affirmed.