IN THE MATTER OF THE SUSPENSION OF THE RIGHT TO PRACTICE LAW OF WILLIAM CORNELIUS PALMER

No. 7725SC742

(Filed 11 July 1978)

**Attorneys at Law § 11— judicial disbarment proceeding—no review for State by appeal or certiorari**

> Since the State has no right to appeal from an adverse decision in a judicial disbarment proceeding, the State cannot obtain appellate review of such a decision by a writ of certiorari, because to allow the State to raise the matter by petition for certiorari would be to allow by indirect means that which is forbidden by direct means.

ON certiorari to review order of *Snepp, Judge*. Order entered 5 May 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 2 June 1978.

This judicial disbarment proceeding was before this Court on respondent's appeal in February of 1977. In the earlier appeal this Court vacated an order of the Superior Court suspending the respondent indefinitely from the practice of law and remanded the cause to the Superior Court for a new hearing. *See Matter of Palmer*, 32 N.C. App. 449, 232 S.E. 2d 497 (1977).

Upon remand a hearing was conducted before Judge Snepp. On 5 May 1977 Judge Snepp entered an order in which he made detailed findings of fact, concluded that "the Court is not satisfied by clear and convincing evidence that Palmer willfully and intentionally violated Disciplinary Rule 7-102" of the Code of Professional Responsibility, and dismissed the proceeding. By petition for writ of certiorari dated 7 June 1977 the State sought review of Judge Snepp's order. On 22 June 1977 the writ of certiorari was granted by this Court.

*Attorney General Edmisten, by Special Deputy Attorney General James L. Blackburn and Assistant Attorney General Joan H. Byers, for the State.*

*McElwee, Hall & McElwee, by William H. McElwee III; and Robert A. Melott for the defendant appellee.*

HEDRICK, Judge.

Our initial inquiry is directed to the question of whether the State can obtain by appeal or writ of certiorari appellate review of a judicial disbarment proceeding.

As frequently stated by the courts of this State, appellate review is not an inherent right but is derived from statute. *In re Assessment of Sales Tax*, 259 N.C. 589, 131 S.E. 2d 441 (1963). Furthermore, the State as a party in a civil or criminal case has no right to appeal an adverse decision of the trial court in the absence of *express* statutory authorization. *In re Assessment of Sales Tax, supra; State v. Mitchell*, 225 N.C. 42, 33 S.E. 2d 134 (1945); *State v. McCollum*, 216 N.C. 737, 6 S.E. 2d 503 (1940).

The case of *In re Stiers*, 204 N.C. 48, 167 S.E. 382 (1933), presented the issue with which we are concerned in a factual setting similar to that of the present case. There, an attorney who had entered a plea of nolo contendere to a felony charge was disbarred in the United States District Court. On the basis of his disbarment in federal court the State instituted judicial disbarment proceedings in North Carolina Superior Court. The proceeding was dismissed when the trial judge determined that a plea of nolo contendere was not equivalent to a confession to a felony. Upon the State's appeal our Supreme Court reasoned as follows:

> It is an elementary proposition of law that the State cannot appeal either in civil or criminal actions unless such right is given by the lawmaking power of the State. It is apprehended that the reason for such a policy is built upon the idea that when the State in its sovereign capacity brings a citizen into its own tribunals, before its own officers, and in obedience to its own processes, and loses, that its avenging hand should be stayed except in unusual cases where the power to appeal is expressly conferred.

204 N.C. at 49, 167 S.E. at 383. The court discussed the relevant statutes and noted that while the statutes governing statutory disbarment granted the right of appeal to the State, *see* C.S. § 215 (1919), those pertaining to judicial disbarment, C.S. §§ 204-7 (1919), were silent in that regard. The court held that the State had no right to appeal from the judgment of the trial court.

Soon after the *Stiers* decision C.S. §§ 204-15, encompassing both judicial and statutory disbarment were repealed. *See* Ch. 210, § 20, Public Laws of N.C. (1933). The repeal of C.S. §§ 204-7 left the responsibility for judicial disbarment totally in the hands of the courts. *State v. Spivey*, 213 N.C. 45, 195 S.E. 1 (1938). The repeal of §§ 208-15 was followed by the enactment of a new set of statutes governing statutory disbarment which presently appear in Chapter 84 of the General Statutes. However, the express authority of the State to appeal in a statutory disbarment proceeding was deleted in its most recent amendment. *See* G.S. 84-28 (Supp. 1977). Thus, at present the State has no right to appeal from an adverse decision in either a judicial or statutory disbarment proceeding.

In the present case the State gave no notice of appeal, apparently recognizing that it had no such right. Instead, the State petitioned this Court for a writ of certiorari which was ultimately granted. In *State v. Todd*, 224 N.C. 776, 32 S.E. 2d 313 (1944), the State appealed and petitioned for a writ of certiorari to review an order of the trial court granting a convicted defendant a new trial on the basis of newly-discovered evidence. After noting that the relevant statute enumerated those instances in which the State could appeal and that the matter before the court was not included therein, the Supreme Court reasoned that to allow the State to raise the matter by petition of certiorari would be to allow by indirect means that which is forbidden by direct means. *But see In re Stokley*, 240 N.C. 658, 83 S.E. 2d 703 (1954), where the Supreme Court distinguished *Todd* and held that when error appears on the face of the record the appellate court can in the exercise of its supervisory powers over the courts review a nonappealable order. The reasoning in *Todd* is clearly applicable to the present case. Therefore, in our opinion since the State had no right to appeal from the order dismissing the disbarment proceeding, its petition for writ of certiorari should not have been allowed by this Court. Accordingly, we hold that the State's peti-

tion for writ of certiorari was improvidently granted and this proceeding must be dismissed.

Dismissed.

Judges PARKER and MITCHELL concur.