IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-107

Filed 17 December 2025

Nash County, Nos. 22CR334307-630, 23CR000915-630

STATE OF NORTH CAROLINA

v.

DAVID JORDAN, JR.

Appeal by defendant from judgments entered 1 May 2024 by Judge Timothy W. Wilson in Nash County Superior Court. Heard in the Court of Appeals 15 October 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Wendy J. Lindberg, for the State.*

*Johneric C. Emehel for defendant-appellant.*

ZACHARY, Judge.

Defendant David Jordan, Jr., appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of assault with a deadly weapon with intent to kill and possession of a firearm by a felon. We dismiss Defendant's appeal and, in our discretion, deny his petition for writ of certiorari.

I.    **Background**

Defendant's case came on for jury trial on 29 April 2024 in Nash County Superior Court. At the conclusion of the trial, the jury returned verdicts finding

Defendant guilty of assault with a deadly weapon with intent to kill and possession of a firearm by a felon. The trial court entered judgments against Defendant sentencing him to a term of 33 to 52 months' imprisonment in the custody of the North Carolina Department of Adult Correction for his conviction for assault with a deadly weapon with intent to kill and a consecutive term of 13 to 25 months' imprisonment for his conviction for possession of a firearm by a felon.

During the court's pronouncement of its second judgment, Defendant physically assaulted his trial attorney. Bailiffs subdued Defendant, took him into Sheriff's custody, and removed him from the courtroom; Defendant's counsel was helped to judge's chambers to receive medical attention. While Defendant's trial attorney had earlier indicated his intent to give oral notice of appeal "at the appropriate time," Defendant's assault of counsel rendered his trial attorney unavailable to give oral notice of appeal upon entry of the final judgment. Defendant was also unavailable to give oral notice of appeal after entry of the final judgment, as he had been taken into custody and removed from the courtroom following the attack. In counsel's absence, the court stated that defense counsel "does give[ ] notice of appeal." The record on appeal does not contain a written notice of appeal.

Defendant's appellate counsel filed a petition for writ of certiorari to this Court on 1 April 2025, to which the State filed a response on 9 April 2025.

## II. Appellate Jurisdiction

As a preliminary matter, we must determine whether this Court has jurisdiction to hear this appeal.

"Notice of appeal shall be given within the time, in the manner and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2023). Notice of appeal in a criminal matter may be taken by:

> (1) giving oral notice of appeal at trial, or
>
> (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order or within fourteen days after a ruling on a motion for appropriate relief made during the fourteen-day period following entry of the judgment or order.

N.C.R. App. P. 4(a).

Oral notice of appeal must be given after entry of the final judgment. *State v. Jones*, 296 N.C. App. 512, 515, 909 S.E.2d 373, 376 (2024), *disc. review denied*, ___ N.C. ___, 916 S.E.2d 259 (2025). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005).

In the instant case, after the trial court sentenced Defendant on his first conviction, defense counsel stated: "At the appropriate time, we would be entering notice of . . . appeal." The court responded: "All right." As the trial court was pronouncing the second judgment, Defendant "attacked his attorney, . . . grabbed

him, knocked him to the ground, where a melee ensued." Once Defendant was subdued, bailiffs took Defendant into custody and removed him from the courtroom. When court resumed, defense counsel was receiving medical attention in the trial judge's chambers. The trial court noted the circumstances and stated: Defense counsel "does give[ ] notice of appeal on behalf of his client."

Defendant concedes that his "right to appeal was possibly lost due to the notice of appeal not being given by . . . [D]efendant or his attorney after the completion of the entry of the judgements (sic) in his cases." It is not at all clear that defense counsel's statement of *his intention* to give oral notice of appeal at the appropriate time constituted oral notice of appeal, premature or otherwise. Assuming, *arguendo*, that it did, this Court has determined on similar facts that such oral notice of appeal was premature and in violation of Rule 4. *See State v. Smith*, 292 N.C. App. 662, 665, 898 S.E.2d 909, 912, *cert. denied*, 386 N.C. 277, 899 S.E.2d 372 (2024); *State v. Gardner*, ___ N.C. App. ___, ___, 917 S.E.2d 494, 497 (2025). Furthermore, Defendant neglected to file written notice of appeal. Accordingly, this Court does not have jurisdiction to hear Defendant's direct appeal. *See Jones*, 296 N.C. App. at 515, 909 S.E.2d at 376.

Nevertheless, although we lack authority to review his direct appeal, this Court may exercise its discretion pursuant to N.C.R. App. P. 21 to consider the matter by allowing Defendant's petition for writ of certiorari. *See State v. Lopez*, 264 N.C. App. 496, 503, 826 S.E.2d 498, 503 (2019) (cleaned up).

A criminal defendant may seek certiorari review "when provided for by [the Criminal Procedure Act], by other rules of law, or by rule of the appellate division." N.C. Gen. Stat. § 15A-1444(g). "The writ of certiorari may be issued in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C.R. App. P. 21(a)(1). This Court has previously allowed "petitions for writ of certiorari where . . . [the] defendant lost [his] right to appeal through no fault of [his] own but rather due to [his] trial counsel's failure to give proper notice of appeal." *State v. Robinson*, 279 N.C. App. 643, 645, 865 S.E.2d 745, 748 (2021) (cleaned up), *aff'd*, 383 N.C. 512, 881 S.E.2d 260 (2022).

As the State aptly alludes, "[w]hether to allow a petition and issue the writ of certiorari is not a matter of right and rests within the discretion of this Court." *State v. Biddix*, 244 N.C. App. 482, 486, 780 S.E.2d 863, 866 (2015). However, our Supreme Court has explained that "[t]he only exception to the entirely discretionary nature of certiorari review is the circumstances of a criminal defendant's loss of the right to appeal due to some error or act of the court or its officers, and not to any fault or neglect of the defendant." *State v. Diaz-Thomas*, 382 N.C. 640, 651, 888 S.E.2d 368, 377 (2022) (cleaned up), *cert. denied*, 599 U.S. 3, 216 L. Ed. 2d 1225 (2023). Indeed, it is well settled that "[c]ertiorari may not be used as a substitute for an appeal expressly provided for by law, unless the right of appeal has been lost through no

fault of the petitioner." *Johnson v. Taylor*, 257 N.C. 740, 743, 127 S.E.2d 533, 535 (1962) (italics omitted).

In the present case, Defendant maintains that his petition should be allowed because: 1) "[A]s the record demonstrated, [Defendant] intended to appeal and took reasonable efforts to give notice of appeal"; 2) "[T]he record is silent on the issue of whether . . . [D]efendant was aware that his attorney was not in the courtroom to give proper notice of appeal"; and 3) Defendant "has four meritorious issue[s] to present on appeal." Yet, Defendant admits in his petition for writ of certiorari that "the right to appeal was most likely waived unfortunately as a result of his actions." It is plain that Defendant is not without fault in the loss of his appeal where it stemmed from his attack of his trial counsel during sentencing and subsequent failure to file a written notice of appeal. *See id.* Thus, Defendant has failed to demonstrate that the "loss of the right to appeal [was] due to some error or act of the court or its officers, and not to any fault or neglect of" his own. *Diaz-Thomas*, 382 N.C. at 651, 888 S.E.2d at 377 (cleaned up).

Accordingly, in our discretion, we deny Defendant's petition for writ of certiorari.

**III.    Conclusion**

For the reasons stated herein, Defendant's appeal is dismissed and his petition for writ of certiorari is denied.

DISMISSED.

Judges TYSON and ARROWOOD concur.