An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-680

Filed 4 March 2026

Chatham County, No. 23JB000086-180

IN THE MATTER OF:

D.J.

Appeal by the State from order entered 1 March 2024 by Judge Christopher T. Roper in Chatham County District Court. Heard in the Court of Appeals 26 February 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Benjamin Szany, for the State-appellant.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender David W. Andrews, for the juvenile-appellee.*

GORE, Judge.

On 28 November 2023, the State filed juvenile petitions charging Daniel,[1] age seventeen, with assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon with intent to kill, and seven counts of discharging a firearm into occupied property. Pursuant to N.C.G.S. § 7B-2200.5, the

---

[1] A pseudonym.

State provided notice of its intent to transfer the matter to superior court. A grand jury later returned indictments.

Before transfer occurred, Daniel moved for a discretionary transfer hearing, arguing that § 7B-2200.5 violated due process. Following a hearing, the trial court concluded that the statute violated the Fourteenth Amendment and denied automatic transfer. The State appealed.

The threshold issue is jurisdiction. The right to appeal is purely statutory. *Northfield Dev. Co. v. City of Burlington*, 165 N.C. App. 885, 887 (2004). Under N.C.G.S. § 7B-2602, appellate review in juvenile delinquency matters is limited to specified final orders. Interlocutory rulings are not immediately appealable.

The order at issue does not resolve the delinquency proceeding. It directs that a discretionary transfer hearing occur in district court. Because further proceedings remain, the order is interlocutory. The State lacks a statutory right of appeal, and the motion to dismiss is granted.

The State alternatively petitions for writ of certiorari. Under Rule 21, certiorari may issue in appropriate circumstances to review interlocutory orders when no right of appeal exists. *State v. Woolard*, 385 N.C. 560, 565 (2023). The writ, however, is extraordinary and discretionary. N.C.R. App. P. 21; *State v. Ross*, 369 N.C. 393, 400 (2016). It is not a substitute for an interlocutory appeal nor a mechanism to enlarge statutory limits on appellate review. *See State v. Todd*, 224 N.C. 776, 777 (1944) (rejecting use of certiorari to accomplish indirectly what statute

does not permit directly).

The State contends it is in procedural limbo because it lacks a statutory vehicle to challenge the trial court's constitutional ruling. Even assuming the Juvenile Code may limit the State's ability to obtain review following final disposition in juvenile court, that circumstance alone does not compel issuance of the writ.

*Woolard* does not dictate a different result. There, the order was a final suppression ruling that effectively terminated prosecution in district court, leaving the State unable to proceed. 385 N.C. at 566–69. Here, by contrast, the order does not terminate the delinquency proceeding. The matter remains pending in district court and contemplates further proceedings. Under these circumstances, we decline to exercise our discretion to grant certiorari.

DISMISSED.

Judge ZACHARY concurs.

Judge COLLINS concurs in result only.

Report per Rule 30(e).