Argued April 1, affirmed April 20, 1926.

## FIRST NATIONAL BANK *v.* WILLIAM S. DODD, EXECUTOR.

(245 Pac. 503.)

**Bills and Notes—Executors and Administrators—Note Containing Words, "I Promise to Pay," Signed by Decedent and Wife, is, Under Negotiable Instruments Act, "Deemed" Joint and Several Obligation, and on Death of One Signer Liability Against His Estate is not Terminated (§ 7809, Subd. 7, Or. L.).**

1. Where note contained promise to pay in first person singular, and was signed by decedent and wife, under Negotiable Instruments Act (§ 7809, subd. 7, Or. L.), it is "deemed" a joint and several obligation, and on death of decedent liability against his estate was not terminated, "deemed" meaning that the obligation was joint and several, and is to be considered as such in determining rights and liabilities of parties.

**Bills and Notes.**

2. Parties liable on a joint and several note may be included in the same action at option of plaintiff (§ 37, Or. L.).

---

Bills and Notes, 8 C. J., p. 68, n. 79.
Executors and Administrators, 24 C. J., p. 277, n. 62, 68.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

AFFIRMED.

---

1. See 3 R. C. L. 1139.
2. See 20 R. C. L. 677.

For appellant there was a brief and oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the name of *Messrs. Harris, Smith & Bryson,* with oral arguments by *Mr. Lawrence T. Harris* and *Mr. Charles A. Hardy.*

RAND, J.—1. Plaintiff brought this action against William S. Dodd, as executor of the estate of C. J. Dodd, deceased, to recover upon a promissory note given to plaintiff by defendant's testator and one A. F. Dodd, the wife of decedent. The note was negotiable, and contained a promise to pay in the first person singular, and was signed by both decedent and his said wife. Mrs. Dodd, although living, was not joined in the action, it being brought against the executor only. Defendant demurred to the complaint, on the ground "that the complaint upon the face thereof, shows that a court of law does not have jurisdiction," and that it "fails to state facts sufficient to constitute either a cause of suit or a cause of action." The demurrer was overruled, and defendant declining to plead over, judgment was given against him. From this judgment, defendant appealed.

Defendant's contention is, that decedent and his wife, being joint makers of the note, the obligation arising from the transaction was joint, and that since one of the makers has died and the other is alive, the case comes within the common-law rule that where two or more persons are bound jointly to pay a sum of money and one of them dies, his death not only severs the joinder, but terminates the liability of his estate, which prevents the debt from being enforce-

able against his representatives, and imposes the whole liability upon the survivors.

That the joinder of decedent and his wife in making and delivering the note to the bank created a joint relation between them, and resulted in a joint obligation upon their part, is clear, but the obligation itself was both joint and several, and hence the rule referred to is not applicable, since the death of one joint obligor does not have that effect upon a joint and several obligation.

"If two or more persons are bound jointly to pay a sum of money, and one of them dies, at common law his death not only severs the joinder, but terminates the liability which belonged to him, so that it cannot be enforced against his representatives; but if they were bound jointly and severally, the death of one has not this effect." 1 Parsons on Contracts (9 ed.), § 30.

2. Under the Negotiable Instruments Act, "where an instrument, containing the words 'I promise to pay,' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." Section 7809, subd. 7, Or. L. As used in this statute, the word "deemed" means that the obligation created by a negotiable instrument so worded and signed is, in contemplation of law, a joint and several obligation, and is to be taken and considered as such in determining the rights and liabilities of the parties to it. By force of the statute, therefore, this note created a joint and several obligation upon the part of both decedent and his wife.

Joint and several obligations "involve separate obligations on the part of each obligor, a judgment in favor of or against one, is no bar to an action against another. Indeed the plaintiff may simultane-

ously bring separate actions against each of the obligors; * * 1 Williston on Contracts, § 328.

Where the obligation is joint and several, "the estate of a deceased obligor is liable, the same as he would be if living." 24 C. J. 277.

In determining the liabilities of the parties to this joint and several obligation, we have only to look to our own statute, which provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may, all or any of them, be included in the same action, at the option of the plaintiff." Section 37, Or. L.

In construing a provision of the Negotiable Instruments Act of the State of Massachusetts, which is identical with the provision of our own statute to which we have referred, it was held in *Lowenstein* v. *Forman,* 223 Mass. 325 (111 N. E. 962), that where a promissory note contains the words "I [with the word "we" written above it] promise to pay," and is signed by two persons, they are jointly and severally liable thereon, and that the payee of the note may pursue his remedy separately against each of the makers thereof, or he could pursue his remedy in equity against one, and in law against the other.

For the reasons indicated, the demurrer was properly overruled, and the judgment is therefore affirmed.                                            AFFIRMED.

McBRIDE, C. J., and BURNETT and BEAN, JJ., concur.