H. M. WATTS, EMPLOYEE, v. W. C. BREWER, T/A BREWER'S LAUNDRY &
CLEANERS, EMPLOYER.

(Filed 13 January, 1956)

**1. Master and Servant §53b—**

Where an employee suffers an injury to his eye arising out of and in
the course of his employment, resulting in temporary total disability and
permanent partial loss of vision of an eye, the employee is entitled to
compensation for the healing period, plus compensation for 120 weeks, for
that portion of the compensation provided for total loss of an eye (60 per
cent), that the partial loss of vision bears to a total loss. G.S. 97-31(2) (t).

**2. Same—**

Claimant received an injury to his eye in the course of his employment.
After a healing period of a little more than a month, he returned to his
same job at the same wage. *Held:* Notwithstanding that "disability" as
used in G.S. 97-31 has the same connotation accorded it in G.S. 97-2 (i),
the provision of the former statute that disability caused by the injuries
enumerated "shall be deemed to continue" are mandatory, and the Com-
mission is without authority to deny compensation which the statute
provides on the ground that the employee is earning as much as he was
earning before the injury.

APPEAL by defendant from *Morris, J.,* March Term, 1955, CHATHAM.
Workmen's compensation claim.

On 7 May 1953, the claimant, while engaged in the discharge of his
duties as an employee of the defendant, in closing the lid on a washer,
received an injury to his right eye. A foreign body flew out of the
washer and struck him in the eye. He continued to work until 11 June
1953 on which date he visited a physician and received treatment. On
16 July 1953, he returned to work with the defendant at the same
salary he was receiving before his injury. His salary both before and
after the accident was $50 per week.

The hearing commissioner found that claimant "was temporarily and
totally disabled from June 11, 1953 to July 16, 1953 and is entitled to
compensation for this period of time for temporary total disability,"
and that he has a 16.4% disability in his right eye "which would entitle
him to compensation for 19.68 weeks for his permanent partial dis-
ability to his right eye." He then concluded as a matter of law that
claimant is entitled to compensation at the rate of $30 per week (60%
of weekly wages) from 11 June to 16 July 1953 (the healing period)
"and for his permanent partial disability, loss of vision of his right eye,
he is entitled to compensation at the rate of $30 per week for 19.68
weeks."

An award was entered in accord with the conclusions made except that no limit was placed on the number of weeks the payments for the permanent partial disability to the eye are to be made.

On appeal the full Commission adopted the findings of fact and conclusions of law made by the hearing commissioner and approved the award made. Defendant appealed to the Superior Court.

When the cause came on for hearing in the court below, the judge, without ruling separately on the several exceptions filed by defendant, entered judgment affirming the award. Defendant excepted and appealed.

*T. F. Baldwin for plaintiff appellee.*
*Daniel L. Bell for defendant appellant.*

BARNHILL, C. J. The defendant's exceptions and assignments of error are not directed to the findings of fact made by the Commission. *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467. They do, however, challenge the correctness of the allowance of compensation for partial loss of vision of the eye after the claimant returned to work for the same employer at the same salary, that is, after the healing period. Defendant stressfully contends that the award in this respect is unwarranted and contrary to the express provisions of the Act; that the Act provides compensation for loss of wages; and that after the claimant returned to work he suffered no loss of wages. He insists that disability as used in G.S. 97-31 bears the connotation given it in G.S. 97-2(i), and the disability "shall be deemed" to continue for the period stipulated in G.S. 97-31 only when the injury causes a loss of wages.

The question thus presented has already been decided by this Court. We said in *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865:

"The Workmen's Compensation Act. Ch. 120, P.L., 1929, as amended . . . (now G.S. Chapter 97) provides primarily for four several types of compensation to be paid to employees covered by the Act for injuries arising out of and in the course of their employment. They are:

"1. Compensation for disability, dependent as to amount upon whether the injury produces a permanent total, a permanent partial, a total temporary or a partial temporary incapacity. Sec. 29 and 30.

"2. Compensation in stipulated amounts for loss of some part of the body such as finger or toe, a leg or arm. Sec. 31.

"3. Compensation for death. Sec. 29.

"4. Compensation for bodily disfigurement. Sec. 31."

*Anderson v. Motor Co.,* 233 N.C. 372, 64 S.E. 2d 265, and *Rice v. Panel Co.,* 199 N.C. 154, 154 S.E. 69, are to like effect.

Under the statute, G.S. 97-31, as construed by this Court, plaintiff is entitled to compensation under paragraphs numbered 1 and 2 in the *Branham case, supra.* He was awarded compensation for loss of wages during his disability which was the healing period to which reference is made in G.S. 97-31. But he is also entitled to compensation for his partial loss of vision in his right eye. The Legislature provided a somewhat arbitrary method for ascertaining the amount of this compensation.

G.S. 97-31, which is the applicable statute, provides that: "In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period *and in addition the disability shall be deemed to continue for the periods specified,* and shall be in lieu of all other compensation, including disfigurement, to wit: . . . (t) . . . The compensation . . . for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss . . ." (Italics added.)

Under this section a workman who suffers a total loss of an eye is entitled to 60% of his average weekly wages during 120 weeks in addition to the compensation paid during the healing period. (Subsection q). If, however, the injury produces only a partial loss of vision, he is entitled to receive that portion of the compensation provided in subsection (q) that the percentage of loss of vision bears to a total loss.

It is true that "disability," as used in this section has the connotation accorded it in G.S. 97-2(i), but in order to fix the compensation for loss of a finger, toe, leg, or for any other injury included in the schedule which is a part of G.S. 97-31, the Legislature provided further that the disability caused by such injury "shall be deemed to continue for the period specified" in said section. And "shall be deemed," as used in this section, means "shall be held," "shall be adjudged," "shall be determined," "shall be treated as if," "shall be construed." *Douglas v. Edwards,* 298 F. 229; *In re Green's Estate,* 164 N.Y.S. 1063; *Harder v. Irwin,* 285 F. 402; *Bank v. Dodd,* 245 P. 503; Black's Law Dic., 4th ed.; Webster's New Int. Dic., 2nd ed.

The language of G.S. 97-31 is clear, and its provisions are mandatory. *Davis v. Board of Education,* 186 N.C. 227, 119 S.E. 372. The Commission is without authority to deny the compensation for which it provides on the ground the employee is earning as much as he was earning before the injury.

Thus, in case of the loss of an eye the Commission must conclusively presume and adjudge that the disability resulting therefrom continued or will continue for 120 weeks beyond the healing period, G.S. 97-31(q), and in case of a partial loss of vision resulting from a compensable injury it shall award that portion of the compensation provided in sub-

section (q) that the percentage of loss of vision bears to a total loss—here 16.4% of 60% of his weekly wages for a period of 120 weeks. As 60% of his weekly wages amounted to $30, the claimant is entitled to $4.92 per week for a period of 120 weeks.

The Commission awarded additional compensation at the rate of $30 per week for 16.4% of 120 weeks, or 19.68 weeks. The result is the same but the money payment is the compensation, and it is 16.4% of the $30 that is to be paid for the period specified in the statute.

It follows that the award of the Commission as affirmed by the court below must be modified in accord with this opinion. As so modified the judgment entered in the court below is affirmed.

Modified and affirmed.