COLONEL PRIDMORE, EMPLOYEE, CLAIMANT, v. VIRGIL McCRARY, T/A McCRARY & SON, NON-INSURED, EMPLOYER.

(Filed 27 February, 1957.)

**1. Master and Servant § 55d—**

　　Exceptions to the findings of fact of the Industrial Commission cannot be sustained when there is sufficient evidence to support each of the findings, and the findings are sufficient to support the conclusions of law and the award pursuant thereto.

**2. Master and Servant § 53b(1)—**

　　Evidence that fingers of the employee's hand were severed in the accident supports a conclusion of a percentage loss of the use of the hand upon which an award of compensation for such loss of use is proper.　G.S. 97-31 (m), (t).

APPEAL by defendant from *Froneberger, J.,* at November 1956 Term, of HENDERSON.

Proceeding under the North Carolina Workmen's Compensation Act to determine compensation liability of defendant to claimant as employee of defendant for injury by accident arising out of and in the course of his employment on 16 April, 1955.

The record shows that defendant Virgil McCrary & Son denied liability on the ground that at the time of injury complained of, they did not have five persons regularly employed in the conduct of the business as well drillers, and were not subject to and bound by the provisions of the Workmen's Compensation Act, and that upon such denial, a hearing was requested by the claimant before the North Carolina Industrial Commission, and that the matter came on to be heard before Deputy Commissioner Robert F. Thomas on 9 January, 1956 in Henderson County, North Carolina.

The parties being unable to agree upon any stipulations, the following proceedings were had:

The record contains testimony of claimant, and of another in his behalf: Testimony of defendant Virgil McCrary and another in behalf of defendant. .

Thereafter on 11 April, 1956, a further hearing was had before Commissioner N. F. Ransdell, at Asheville, at which time only deposition of Dr. William S. Lampley was submitted. (This deposition, though referred to several times, is not included in record of case on appeal.)

The record of case on appeal further shows that on 14 May, 1956, "Based upon all the competent evidence adduced at the hearing, the Deputy Commissioner makes the following

## "FINDINGS OF FACT

"1. That the defendant Virgil McCrary, in April 1955, and for many years prior thereto was the owner of a business known as McCrary & Son, located at Penrose, N. C., at his home; that such business consisted of drilling of wells and installation of water pumps.

"2. That the defendant had three well-drilling machines mounted on three separate trucks, each of which required two men to operate, and in April 1955, and prior thereto, claimant, Frank Pridmore, Samuel Pridmore and Charles McCrary were regularly employed by the defendant in the operation of the well-drilling machines, and in addition, Melvin Hamilton and Bob Merrill were regularly employed by the defendant in the installation of water pumps, making a total of six persons regularly employed by the defendant employer.

"3. That in addition to the three above mentioned trucks, the defendant was the owner of three pick-up trucks, and all of said six trucks had the McCrary and Son on the side of them and all of said trucks and other equipment used in the business were stored at the home of the defendant at Penrose, N. C., when not actually in use; that one of the pickup trucks was used exclusively in the pump installation work and on occasions one of the other pickup trucks was used by the pump men.

"4. That all records in connection with the operation of the well-drilling and pump installation business were kept in the same book or books by defendant and his wife; that the hours of work of all of the six named men were kept in such books and all were paid in the same manner; that the defendant maintained a bank account in his name and same was used to pay bills incurred in the well-drilling operation as well as the pump installation operation and no one other than defendant and his wife drew checks on such bank account; that defendant made the necessary reports to the proper authorities and paid the necessary sums of money with reference to social security, income tax withholding, and unemployment compensation on all of the six named employees and showed such employees as his employees.

"5. That there was an interchange of labor between the well-drilling and the pump installation operation on rare occasions only for the reason that the pump men did not have the necessary experience and training to operate the well-drilling equipment and the men who operated the well-drilling equipment did not have the necessary experience and training to operate the pump-installation equipment.

"6. That on April 16, 1955 and for at least two weeks prior thereto, claimant was regularly employed by defendant employer and was paid $45.00 per week for six days of work, and as a part of his wage contract was paid $1.00 per day for meals; that claimant's average weekly wage while employed by the defendant employer was $51.00.

"7. That on April 16, 1955 and for sometime prior thereto, Virgil McCrary, t/a McCrary & Son, was subject to and bound by the provisions of the Workmen's Compensation Act and his liability under such Act was not insured at such time.

"8. That on April 16, 1955, at approximately 9:30 a.m., claimant and Charles McCrary were operating a well-drilling machine in Henderson County; that the machine was started, was not running properly, and Charles McCrary instructed claimant to adjust or release the brake on said machinery; that claimant in adjusting a V-belt running from the motor to the well-digging apparatus, was using a wrench, his hand slipped, and was "slung" into the machinery, severing the middle, right and little fingers of his left hand, and cutting the left index finger across the top of the first knuckle.

"9. That as above described, claimant on April 16, 1955, sustained an injury by accident arising out of and in the course of his employment with defendant employer.

"10. That following the injury claimant was hospitalized for a period of six weeks and on August 2, 1955, had a reamputation of the stump of the third finger of his left hand.

"11. That claimant did no work and earned no wages from April 16, 1955 to November 13, 1955, at which time he returned to work at a wage in excess of that paid him by defendant employer; that claimant was able to do light work on September 19, 1955, but no such work was tendered to him by defendant employer and he was unable to obtain any such work and was therefore temporarily totally disabled from April 16, 1955 to November 13, 1955.

"12. That for all practical purposes, claimant reached the end of the healing period on January 9, 1956, except that the stump of his left fourth finger is tender and may require re-amputation."

And that "based upon the foregoing findings of fact the Deputy Commissioner makes the following

## "CONCLUSIONS OF LAW

"1. That on April 16, 1955 and for sometime prior thereto, defendant employer regularly employed more than five persons and was subject to and bound by the provisions of the Workmen's Compensation Act and was not insured under such Act. G.S. 97-2(a), G.S. 97-2(b), G.S. 97-2(c), *Hunter v. Peirson*, 229 N.C. 356.

"2. That on April 16, 1955 and for at least two weeks prior thereto, claimant was regularly employed by defendant employer at an average weekly wage of $51.00. G.S. 97-2(c), G.S. 97-2(b).

"3. That as above described claimant, on April 16, 1955, sustained an injury by accident arising out of and in the course of his employment with defendant employer. G.S. 97-2(f).

"4. That for all practical purposes claimant reached the end of the healing period on January 9, 1956.

"5. That as a result of the injury in question claimant was temporarily totally disabled from April 16, 1955 to November 13, 1955 and is entitled to be paid compensation therefor at the rate of $30.00 per week.   G.S. 97-29.

"6. That as a result of the injury in question claimant has a 75% loss of use of his left hand, and is entitled to be paid compensation therefor at the rate of $22.50 per week for a period of 170 weeks. beginning November 13, 1955.   G.S. 97-31.   *Watts v. Brewer,* 243 N.C. 422."

And that "based upon the foregoing findings of fact and conclusions of law the Deputy Commissioner makes the following

## "AWARD

"Defendant shall pay compensation to the claimant at the rate of $30.00 per week during the period, April 16, 1955, to November 12, 1955, both dates inclusive, as for temporary total disability.

"Defendant shall pay compensation to claimant at the rate of $22.50 per week for a period of 170 weeks, beginning November 13, 1955, to cover 75% loss of use of claimant's left hand."

That thereafter the defendant, Virgil McCrary & Son, gave notice of application for review by the Full Commission, and alleged twelve errors in the findings of fact and conclusions of law by the hearing commissioner.

The case on appeal shows that the Full Commission, after hearing argument, and considering all competent evidence, adopted as its own the findings of fact and conclusions of law of the deputy commissioner, and ordered that the result reached by him be affirmed—and that an award issue accordingly.

It appears that thereafter defendants Virgil McCrary & Son gave notice of appeal to Superior Court, setting forth exceptions assigned as error in the award made by the Full Commission.

And that on hearing upon such appeal, the Judge Presiding over Superior Court of Henderson County, being of opinion that the findings of fact and conclusions of law and award of the North Carolina Industrial Commission should be approved and affirmed, entered judgment in accordance therewith,—adjudging the plaintiff entitled to recover of the defendants the compensation awarded to him by the said Commission for the injury of which complaint is made.

And the record shows that to the signing of the judgment so entered "the defendants except and particularly except to the affirming of the Findings of Fact and Conclusions of Law in each and every exception heretofore filed by the defendants from the Full Commission,"—and

appeal to the Supreme Court. It appears that thereupon defendants group exceptions and set forth assignments of error.

*Don C. Young for Claimant Appellee.*
*Potts & Ramsey for Defendants Appellants.*

WINBORNE, C. J. It is the contention of plaintiff appellee that the exceptions properly presented on this appeal raise only the question as to whether error appears upon the face of the record. Be that as it may, after careful consideration of the case on appeal in the light of all contentions made by defendant, this Court holds that the exceptions taken fail to show error for which the judgment from which appeal is taken should be disturbed.

The evidence offered on the hearings, as shown in the record of case on appeal, is sufficient to support each of the findings of fact made by the Deputy Commissioner and approved and adopted by the Full Commission. And these findings of fact are sufficient to support the conclusions of law made by the Deputy Commissioner, and the award pursuant thereto, all as approved and adopted by the Full Commission.

Moreover in this connection appellant challenges particularly the sixth conclusion of law in respect to percentage of loss of use of claimant's left hand as a result of the injury in question. While there is no evidence bearing expressly on the subject, the evidence clearly discloses injuries to claimant's left hand from which conclusion as to the extent of impairment in its use may be reasonably made. And the award is in keeping with the provisions of G.S. 97-31 (m and t), as interpreted and applied by this Court in *Watts v. Brewer*, 243 N.C. 422, 90 S.E. 2d 764.

Hence the judgment of Superior Court affirming the award of the North Carolina Industrial Commission is

Affirmed.