VIOLA KELLAMS, EMPLOYEE v. CAROLINA METAL PRODUCTS, INC., EMPLOYER; AND NEW YORK MUTUAL CASUALTY INSURANCE COMPANY, CARRIER.

(Filed 9 April, 1958)

**1. Master and Servant § 53b(1)—**

In figuring the maximum award under the Compensation Act, the award must be calculated in the ascending scale until the maximum is reached, and then the maximum controls rather than the calculation; in figuring the minimum award the rule for calculating the award is observed in the descending scale until the minimum is reached, and there the award stops and the minimum controls rather than the calculation.

**2. Same—**

Under the provisions of G.S. 97-31(u), awards for partial disability are subject to the minimum fixed in G.S. 97-29 in like manner as awards for total disability, and therefore the weekly payments of an award for partial disability should not be less than the $8 minimun fixed by the statute.

**3. Same—**

Prior to the amendment of G.S. 97-31(t) by Ch. 1396, Session Laws of 1957, an award for partial disability must be based on a percentage of the weekly wage for the entire period of 200 weeks rather than a percentage of the number of weekly payments.

**4. Master and Servant § 37—**

    The Workmen's Compensation Act must be liberally construed to the end that its benefits shall not be denied upon technical, narrow and restricted interpretation.

APPEAL by plaintiff employee from *Craven, S. J.,* October 7, 1957, Special Civil Term, MECKLENBURG SUPERIOR COURT.

This proceeding originated before the North Carolina Industrial Commission upon a claim for compensation for injury resulting from an industrial accident on September 2, 1953. All jurisdictional facts were stipulated. Defendants admitted liability and paid compensation during temporary total disability. The controversy before the Industrial Commission involved (1) the date of maximum recovery, and (2) the amount of compensation for permanent partial disability. The hearing commissioner found the plaintiff, employee, attained maximum recovery on March 8, 1955, and that as a result of the accident she suffered a ten per cent permanent partial disability to her right leg. The commissioner, based on her weekly wages and per centum of disability, made an award to her of $2.76 per week for 200 weeks, beginning February 14, 1955. Upon her appeal and application for review before the full commission upon specific errors assigned, the full commission adopted the findings of fact, conclusions of law, and award made by the hearing commissioner. Upon her appeal, the superior court overruled all her exceptions and affirmed the award. The plaintiff excepted and appealed.

    *Robert L. Scott, for plaintiff, appellant.*
    *Carpenter & Webb,*
    *By: L. B. Carpenter, for defendants, appellees.*

HIGGINS, J. The hearing commissioner determined the plaintiff's average weekly wages before the accident amounted to $46.00. Under the provisions of G.S. 97-31(p) she would have been entitled to 60 per cent of her average weekly wages, or $27.60, if the loss of the use of her leg had been total. But inasmuch as she lost only 10 per cent of the use of her leg she was entitled to weekly payments of only ten per cent of the $27.60, or $2.76. The award required the payment of that amount for a period of 200 weeks. On appeal, the commission and the superior court affirmed the award.

The real controversy in this case turns on the interpretation of the language in G.S. 97-31(t) as the subsection was written at the date of the injury: "The compensation for partial loss . . . shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss." The plaintiff contends the commission

made the correct determination as to the weekly wages, ($46.00) and of the 60 per cent thereof ($27.60), and the per cent disability (10%); and the number of weeks the disability is deemed to continue (200). However, she contends the commission fell into error by awarding her only $2.76 per week instead of $8.00 as required by G.S. 97-31(u): "Weekly compensation payments referred to in this section shall *all* be subject to the same limitations *as to maximum and minimum as set out in G.S. 97-29.*" (emphasis added) Section 97-29 fixed the minimum weekly payment at $8.00. Her contention is, the proper award should have required the payment of $8.00 per week for 200 weeks.

The defendants are satisfied with the award and they do not object to the method used by the commission in fixing it at $2.76 per week for 200 weeks. They do object to the application of the $8.00 weekly minimum rule. They contend the minimum as provided in Sec. 97-29 applies only to total disability. The contention is quite correct, but G. S. 97-31 provides for partial disability and subsection (u) provides the weekly compensation payments thereunder shall *all* be subject to the minimum fixed in Sec. 97-29; and we must look to that section for the minimum, and for nothing more. The defendants further contend the application of the $8.00 weekly minimum was never intended in a case like this for the reason that the plaintiff would receive the same award per week for her 10 per cent disability as she would receive had her disability been 29 per cent. The contention is quite correct. On the other hand, if her weekly wages had been $150.00 and her disability 33-1/3 per cent, she would receive just the same—the maximum $30.00—as if her disability were fixed at any point above 33-1/3 per cent.

The inevitable effect of any minimum is to permit the same award for minor injury as for a greater one up to the point where the award is equal to the fixed minimum. Under the maximum and minimum provisions the rule for calculating the award is observed in the ascending scale until the maximum is reached—and there the award stops and the maximum controls rather than the calculation. In precisely the same way the rule for calculating the award is observed in the descending scale until the minimum is reached—and there it stops and the minimum controls rather than the calculation. The effect of a maximum and minimum provision is to fix a ceiling above which, and a floor below which, an award may not go. The maximum and minimum provisions do not enter into the mathematical steps in making the calculation. However, when the calculation is made, the maximum and minimum provisions come into play to control the award only to the extent that it must not exceed $30.00 (as of 1953) or it must not fall below $8.00.

A stronger argument for sustaining the *amount* of the award can

be made out by giving G.S. 97-31 (t) (as of 1953) a different interpretation. That is, by taking 10 per cent of the number of weekly payments rather than 10 per cent of the amount of one such payment. In other words, as contended, the award should be $27.60 per week for 20 weeks rather than $2.76 per week for 200 weeks as actually fixed by the commission. The total would be the same.

In this case the difference in the method of determining the amount of the award, whether $2.76 per week for 200 weeks or $27.60 per week for 20 weeks, becomes important to the parties only by reason of the applicability of the $8.00 minimum weekly payment provision of G.S. 97-31 and G.S. 97-29 construed together.

The method of calculating the award by applying the per cent of disability to the weekly wages rather than to the number of weekly payments during which the disability is presumed to continue has been specifically approved by this Court in the case of *Watts v. Brewer*, 243 N.C. 422, 90 S.E. 2d 764. While the weekly award of $4.92 in that case was not disturbed, the question of the applicability of the $8.00 weekly minimum was not raised and not discussed. No case has been called to our attention where the applicability of the $8.00 minimum rule under G.S. 79-31 has been presented.

In the case of *Andrews v. Princeville*, 245 N.C. 669, 97 S.E. 2d 110, this Court, in a *per curiam* opinion, without discussing the facts, approved an award in a death case of $8.00 per week when the monthly wages of the special police officer amounted to $5.00, or a little more than $1.25 per week.

The reasoning that the minimum weekly award in this case should control is further supported by the decision of *Clark v. Portland General Electric Co.*, a decision of the Ninth Circuit Court of Appeals, reported in 111 Fed. 2d 703. There the court was considering an award under the Longshoremen's and Harbor Workers' Compensation Act (Ch. 18, 33 USCA) which provided that compensation for disability should not exceed $25.00 per week nor be less than $8.00 per week. The court upheld the contention of the appellant employee that an award to him for a partial, permanent disability could not be less than $8.00 per week for the reason that disability means total, partial, permanent, or temporary, and was not limited to total disability as contended for by the employer.

The North Carolina Workmen's Compensation Act seems to have been taken in the main from the Longshoremen's Act. *Morris v. Chevrolet Co.*, 217 N.C. 428, 8 S.E. 2d 484.

The plaintiff's injury occurred on September 2, 1953. This Court has said the per cent of the disability must be applied to the weekly payments and not to the number of payments, which must remain

constant. However, since the plaintiff's injury, the Legislature, by Ch. 1396, Session Laws of 1957, amending G.S. 97-31(t), has made the per cent of disability applicable to "periods of payment." However, as the Act was written as of the date of the plaintiff's injury, we think the wording permitted, if not required, the construction given it in *Watts v. Brewer supra.* The courts must give the Workmen's Compensation Act liberal construction "to the end that the benefits thereof shall not be denied upon technical, narrow, and restricted interpretation." *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862; *Johnson v. Hosiery Co.*, 199 N.C. 38, 153 S.E. 591.

If we adhere to the decision in *Watts v. Brewer, supra*, we must conclude the commission was correct in requiring the payments to be made for 200 weeks. It seems inevitable then that the $8.00 minimum be applied to the weekly payments. The industrial worker who earns high wages and whose injury is serious is limited by the maximum provided in G.S. 97-29, notwithstanding the fact that the award, according to the formula, would be much higher. As a means of evening the burdens resulting from industrial accidents the worker of low income is given the benefit of the minimum. After all, one of the purposes of the Workmen's Compensation Act is to relieve against hardship rather than to afford full compensation for injury. The fixing of maximum and minimum awards in industry is a compromise. In this case the plaintiff benefits by the minimum. Her assignment of error No. 3 that her weekly award should have been $8.00 instead of $2.76 is sustained. For the reasons herein stated, the judgment below is set aside. The Superior Court of Mecklenburg County will remand the case to the North Carolina Industrial Commission for an amendment to its award striking out $2.76 and substituting $8.00 therefor.

Reversed and remanded.