ROY R. McDOWELL (EMPLOYEE) v. TOWN OF KURE BEACH (EMPLOYER); AND TRAVELERS INSURANCE COMPANY (CARRIER).

(Filed 29 January, 1960.)

**1. Master and Servant § 82―**

Within its statutory limits the jurisdiction of the Industrial Commission is a continuing one, and the Commission has authority to make its records speak the truth or correct an error of law to make its award conform to the mandate of statute, and therefore when a Commissioner's award for permanent partial disability is in an amount less than the statutory minimum then in effect (G.S. 97-29), the Commission has authority to correct the award, even *ex mero motu.*

**2. Appeal and Error § 11: Master and Servant § 92―**

Whether appellant will be permitted to withdraw his appeal is a matter of discretion and not a matter of right, particularly when the rights of appellee may be adversely affected, and ordinarily appellant may withdraw the appeal only with leave of court upon proper application.

**3. Master and Servant § 92: Administrative Law § 4―**

The Workmen's Compensation Act provides orderly procedure for appeal, G.S. 97-85, and *certiorari* will not lie as a substitute for an appeal but is proper only when the aggrieved party cannot perfect his appeal within the time limited and such inability is not due to any fault on his own part, and there is merit in his exceptions to the action of the administrative agency.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff, employee, from *Parker, J.,* at June, 1959 Civil Term, of NEW HANOVER.

Civil proceeding before North Carolina Industrial Commission pursuant to provisions of the Workmen's Compensation Act of North Carolina.

The record discloses that the parties are subject to and bound by the provisions of the Workmen's Compensation Act, and that plaintiff contended that he sustained two injuries arising out of and in the course of his employment by defendant Town of Kure Beach— the first incident occurred on or about 17 June, 1957, dealt with in Docket B-4803; and the second occurred on or about 16 September, 1957, dealt

with in Docket B-5586. It appears of record that both were considered by N. F. Ransdell, Commissioner, at hearing on 10 March, 1958, each party appearing through counsel; and that based on the stipulations of the parties and the evidence in the case, Ransdell, the hearing commissioner, filed opinion on 20 March 1958, in respect to each claim.

In Docket B-4803, pertaining to the alleged accident of 17 June 1957, Ransdell, Commissioner, found (1) that in the way and manner set out in the opinion plaintiff sustained an injury by accident arising out of and in the course of his employment on 17 June, 1957; (2) that following his injury on 17 June 1957, plaintiff continued to earn full wages; that on 16 September 1957, while reaching down to get a bucket of paint, plaintiff had a recurrence of his injury of 17 June 1957, by reason of which plaintiff was hospitalized for 23 days and a laminectomy was performed on him; that plaintiff was temporarily totally disabled by reason of his injury of 17 June 1957, from 16 September 1957, to 28 October 1957; returning to his work for defendant employer on 28 October 1957, at same wages, and continued in this employment to the date of the hearing in the case; and that plaintiff reached the end of the healing period on 28 December 1957, and has a 15 per cent permanent partial disability to or loss of use of his back by reason of his injury of 17 June 1957.

And, based upon these findings of fact, the hearing commissioner concluded as matters of law that plaintiff sustained an injury by accident arising out of and in the course of his employment on 17 June, 1957; that he was temporarily totally disabled by reason of his injury from 16 September 1957, to 28 October 1957, and is entitled to compensation at the rate of $32.50 per week during this period for temporary total disability, G.S. 97-29; and that having a 15 per cent permanent partial disability to or loss of use of his back by reason of his injury of 17 June 1957, he is entitled to compensation at the rate of $4.88 per week for 300 weeks from and after 28 December 1957 (the date maximum improvement was reached for this disability), G.S. 97-31 (4), *Watts v. Brewer*, 243 N.C. 422.

And based upon the foregoing findings and conclusions, the hearing commissioner entered the following award, in pertinent part: Defendants shall pay plaintiff (1) compensation at the rate of $32.50 per week from 16 September 1957, to 28 October 1957, for temporary total disability.

(2) * * * compensation for 300 weeks from and after 28 December 1957, at the rate of $4.88 per week for his 15 per cent permanent partial loss of use of his back, formal notice of which was given to the parties by the Industrial Commission.

In Docket B-5586, pertaining to the alleged accident of 16 September 1957, Ransdell, Commissioner, found as facts: That in the way and manner set out in the opinion, plaintiff did not sustain an injury by accident arising out of and in the course of his employment on 16 September 1957, and the only unusual occurrence on this date was a recurrence of his injury of 17 June 1957.

And based upon the foregoing findings and stipulations, the hearing commissioner concluded as a matter of law (1) that the incident complained of on 16 September 1957, was not an accident (citing *Hensley v. Cooperative,* 246 N.C. 274), and (2) that on that date plaintiff sustained a recurrence of his injury of 17 June 1957, and whether such recurrence is compensable will be considered in I.C. Docket B-4803, and will not be discussed here, and (3) that plaintiff's claim for benefits resulting from the alleged accident of 16 September 1957, must be denied; and award, in conformity to the foregoing facts and conclusions, so denying compensation, was ordered— formal notice of which was given by the Commission to the parties.

The record fails to show that plaintiff gave notice of appeal from either award so made by the Industrial Commission. But the record does show that in each case on 26 March 1958, attorneys of record for defendants gave notice to the North Carolina Industrial Commission of their appeal from the opinion and award of N. F. Ransdell, Commissioner. In each case the notice of appeal notes "that said appeal is dated and transmitted on March 26, 1958 * * * within seven days of the receipt of the notice of formal award."

Thereafter in each case on 2 April 1958, the Industrial Commission, in letters addressed to attorneys for defendants, acknowledged receipt of their letters of 26 March 1958, giving notice of defendants' appeal to the Full Commission from the opinion of Ransdell of 20 March 1958; and in each instance the Commission states that "The case has been listed on the review docket, and when it is set for hearing, before the Full Commission, all parties will be given due notice." And in each it is stated "We are enclosing a copy of the Commission's Rule Number 20 (formerly Number 21) relative to appeals to the Full Commission in compensation cases, together with eight copies of Form 44 for 'your' use in complying with same. Please file the form in triplicate."

Thereafter in each case under date of "7-23-58" the N. C. Industrial Commission notified defendants and notified counsel for plaintiff and counsel for defendants that, sitting as the Full Commission, it "will review the above case at its office * * * in Raleigh at ten o'clock A.M.,

on August 19, 1958" granting appearance and privilege of oral argument.

The record in Docket B-4803 shows that in the meantime, to wit: under date of 16 August 1958, attorneys for defendants wrote a letter to the North Carolina Industrial Commission, copy to attorneys for plaintiff, reading as follows: "Our client has complied with the award made in these cases, and we desire now to abandon the appeal, notice heretofore given, and which is set for hearing on Tuesday, August 19. We enclose copy of a letter which we have written plaintiff's attorneys and with which we enclose drafts as set forth in the letter."

And the record discloses that in case Docket B-4803 R. Brookes Peters, Commissioner, entered an order for the Full Commission, examined and approved, by the Chairman, and N. F. Ransdell, Commissioner, in which after reviewing the file substantially as hereinabove set forth this question was asked: "May the appellant by letter, received the day before the hearing date, stating that they desire to abandon their appeal effect a dismissal of their appeal, when the appellee would be prejudiced thereby and without his consent?" To this question the order responded "We think not." And in support of this position it is there stated: "When the appeal from the award of the hearing commissioner was taken the case was carried up to the Full Commission (*Hoke v. Greyhound Corp.*, 227 N.C. 374, 375). The Full Commission has the authority and the duty to review the award and, if proper, amend the award, G.S. 97-85. The Commission may, on its own motion, determine any phase of the controversy. *Lewis v. City of High Point*, 1 I.C. 227 (1930).

"Whether or not an appellant will be permitted to dismiss or withdraw his appeal is a matter within the discretion of the court, and not a matter of right on the part of the appellant. He must, accordingly, make application to the proper court for leave to dismiss, and show that the appellee will not be prejudiced by the dismissal. Inasmuch as leave must be obtained from the court, the mere service of notice that the appeal has been withdrawn does not amount to a dismissal. 3 Am. Jur. pp 322-323, Appeal and Error, Sec. 748. While, generally, an appellant may dismiss his appeal without regard to the consent of appellee, he may not do so, without appellee's consent if appellee will be prejudiced thereby." 3 Am. Jur. 321— Appeal and Error, Sec. 747.

Then the order proceeds to state: "The opinion filed 20 March 1958, awarded plaintiff compensation at the rate of $4.88 per week for 300 weeks for his 15 per cent permanent partial loss of use of his back.

In the case of *Kellams v. Metal Products Co.*, 248 N.C. 199, handed down 9 April 1958, the Supreme Court held that compensation awarded an employee for permanent partial disability in accordance with the provisions of G.S. 97-31 was subject to the maximum and minimum provisions of G.S. 97-29. G.S. 97-29 provides for a minimum compensation of $10.00 a week.

"The date of the accident giving rise to this claim, 17 June 1957, falls within the period of time governed by the Kellams decision. (The amendment to G.S. 97-31 (t) made Section 2, Chapter 1396, Session Laws of 1957, was not in effect until 1 July 1957). Therefore, the award made by Commissioner Ransdell 20 March 1958, does not comply with the law. The plaintiff is entitled, as a matter of right, to have this award amended to comply with the law. This is a substantial right and one which would be prejudiced if defendants were permitted to withdraw their appeal and have the award affirmed as written.

"The Full Commission being of the opinion that the award in this case should be amended to provide for compensation to be paid plaintiff at the rate of $10.00 per week for 300 weeks from and after 28 December 1957, for his 15 per cent permanent partial loss of use of his back."

In accordance therewith order was entered amending the order of Ransdell, Commissioner, of March 20, 1958, and affirming it as so amended. And thereupon, and in accordance therewith, notice of formal award was entered on 29 August 1958.

And the record discloses that on 5 September 1958, the order of the Full Commission, dated 29 August 1958, was amended to note that such action by the Commission was *ex mero motu*.

Thereafter on 16 October 1958, attorneys for defendants gave notice to "North Carolina Industrial Commission" and to attorney for plaintiff that Kure Beach and The Travelers Insurance Company had filed a petition for *certiorari* in this case, a copy of which is attached to and served with the notice—further informing it that on November 17, 1958, in Superior Court of New Hanover County, they will make application to the *Honorable Walter J. Bone,* Judge holding the courts of the Fifth Judicial District, for said writ of *certiorari* to the end that the proceedings in the above entitled action may be brought before the Superior Court for review.

The record shows that at March, 1959, Civil Term, upon factual situation substantially as hereinabove set forth, writ of *certioarari* was signed and entered by *Parker, (Joseph W.) J.*

Thereafter at June, 1959, Civil Term of New Hanover County Su-

perior Court the cause came on to be heard, and the court being of opinion that the Full Commission was without jurisdiction to enter the order prepared by R. Brookes Peters, Commissioner, for the Full North Carolina Industrial Commission, dated 29 August 1958, in said proceeding bearing Docket No. B-4803, and that it was further without jurisdiction to enter an award based upon said order; and the court being of the opinion that the said "order for the Full Commission by R. Brookes Peters, Commissioner" was intended to affect substantially the rights of the defendants herein and was entered without notice to the defendants and without opportunity being given the defendants to be heard; and said order and award were irregular, and the entry thereof was contrary to the course and practice of the courts, and done in the attempted exercise, without notice or opportunity for hearing, of a "discretion" which for want of jurisdiction could not be lawfully exercised by said Full North Carolina Industrial Commission upon the record in this proceeding, entered judgment in pertinent part as follows: "That this cause be and the same is hereby remanded to the North Carolina Industrial Commission with direction to enter an order herein vacating the said 'order for the Full Commission by R. Brookes Peters, Commissioner' filed August 29, 1958 together with the award entered thereon and together with all orders of the Full North Carolina Industrial Commission issued subsequent to the opinion and award of N. F. Ransdell, Commissioner, dated March 20, 1958, in the proceeding entitled as above bearing Docket No. B-4803 * * *."

Plaintiff excepts to the foregoing judgment, and the signing and entering thereof, and appeals to Supreme Court and assigns error.

*Wessell & Crossley for plaintiff, appellant.*
*White & Aycock for defendants, appellees.*

Winborne, C. J.   At the outset the Workmen's Compensation Act of North Carolina provides orderly procedure after an award is entered upon findings of fact and conclusions of law by the hearing commissioner. It is provided by G.S. 97-85 that "if application is made to the Commission within seven days from the date when notice of the award shall have been given, the Full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties, or their representatives, and, if proper, amend the award." Indeed, an award of the Commission upon such review, as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact; but either party to the

dispute may, within thirty days from the date of such award, * * * but not thereafter, appeal from the decision of said Commission to the Superior Court of the county in which the alleged accident happened, or in which the employer resides or has his principal office.

In *Ruth v. Carolina Cleaners, Inc.,* 206 N.C. 540, 174 S.E. 445, *Brogden, J.,* writing for the Court had this to say: "The Industrial Commission has within the limits prescribed by statute continuing jurisdiction, and hence as an administrative agency, empowered to hear evdence, and render awards thereon affecting the rights of workers, has and ought to have authority to make its own records speak the truth in order to protect its own decrees from mistake of material facts and the blight of fraud"; and the opinion concludes with this application of the principle: "The Full Commission finds and asserts that the award was not made in compliance with the provisions of the statute, and manifestly the Commission is entitled to vacate an award which the Commission itself admits was contrary to law."

Such is the situation in case in hand. It is provided by statute G.S. 97-31(20) that the weekly compensation payments referred to in this Section shall be subject to the same limitations as to maximum and minimum as set out in G.S. 97-29. And the provisions of the statute are applied in *Kellams v. Metal Products,* 248 N.C. 199, 102 S.E. 2d 841. There the Court held that the weekly award should have been $8.00 instead of $2.76. Hence it was held that the Superior Court of Mecklenburg County should remand the case to the Industrial Commission for an amendment to its award striking out $2.76 and substituting $8.00 therefor.

Subsequent to this decision in the *Kellams* case the 1955 Session of the General Assembly passed an act (Session Laws 1955, Chapter 1026) amending G.S. 97-29 by striking the word "eight" and inserting in lieu thereof the word "ten"— effective from and after 1 July 1955. Thus it was patent in instant case that the award of $4.88 as weekly compensation for permanent partial loss of use of back was error which should be corrected by inserting in lieu of that figure the figure "ten." To fail to do so, would work a grave injustice to the claimant. And, as stated in the *Ruth* case, *supra,* the Commission has, and ought to have authority to make its own records comply with the law—as indicated by the General Assembly; and it should do so even *ex mero motu.*

Moreover, defendants have elected not to pursue their right to appeal, but to withdraw their notice of appeal to the Full Commission. In this connection it is noted that the Full Commission in opinion of 29 August 1958, took the position that whether an appellant will be

permitted to withdraw his appeal is a matter addressed to the discretion of the court, and not a matter of right on the part of the appellant. This is accordant with decisions of this Court.

In *S. v. Grundler* and *S. v. Jelly*, 251 N.C. 177, 111 S.E. 2d 1, opinion by *Moore, J.*, it is stated that "An appellant has the right to dismiss his appeal with leave of the court * * * And appeal is under the control of the court for all purposes and appellant does not have absolute right to dismiss it * * * To make the withdrawal effective the court must so order and leave of court is required * * * Application to withdraw appeal is addressed to the sound discretion of the court * * *."

As to *certiorari*— in *Sanford v. Oil Co.*, 244 N.C. 388, 93 S.E. 2d 560, opinion by *Barnhill, C. J.*, it is declared: "When the applicable statute provides an appeal from an administrative agency or an inferior court to the Superior Court, the procedure provided in the Act must be followed. A writ of *certiorari* cannot be used as a substitute for an appeal either before or after the time for appeal has expired. In proper cases an appellant may apply for a writ of *certiorari* when it is impossible for him to perfect his appeal during the time allowed by the statute. But the writ should not be allowed until or unless the application therefor makes it appear that (1) the aggrieved party cannot perfect the appeal within the time provided by the statute, (2) his inability to perfect the appeal within the time allowed is not due to any fault on his part, and (3) there is merit in his exceptions to the action of the administrative agency or inferior court, as the case may be" (citing cases).

Applying these principles to case in hand, it seems clear that the writ of *certiorari* was improvidently issued, and the judge of Superior Court was without authority to enter the judgment from which appeal is taken. Therefore it must be reversed, and the case remanded by Superior Court to North Carolina Industrial Commission for further proceeding in accord with legal procedure.

Reversed and remanded.

HIGGINS, J., took no part in the consideration or decision of this case.