Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission vacates in part, modifies in part and adopts in part the Opinion and Award of the Deputy Commissioner.
***********
 MOTIONS
1. Defendants Hanes and Berrier Masonry, Johnny Hanes, Bryan Berrier and Key Benefit Services Motion to Withdraw their appeal from the 14 June 1999 Opinion and Award of Deputy Commissioner Richard B. Ford falls within the discretion of the Commission and is hereby DENIED, as to allow defendants to withdraw their appeal after oral arguments would work a grave injustice to plaintiff.
2. Plaintiffs 18 February 2000 Motion to Reconsider and Rehear this case in light of defendants withdrawal of their appeal is hereby DENIED as being moot.
3. Defendants Jackie Wood Construction and North Carolina Home Builders Associations 8 May 2000 Motion to be Dismissed from this claim is hereby ALLOWED.
***********
At the hearing before the Deputy Commissioner, the parties entered into the following:
 STIPULATIONS
1. The N.C. Industrial Commission has jurisdiction to hear this matter and the parties are subject to and bound by the provisions of the N.C. Workers Compensation Act.
2. The date of the injury giving rise to this claim is 24 February 1997.
3. Plaintiff is not currently employed as of the date of this hearing.
4. The parties have stipulated to plaintiffs medical records concerning his injury of 24 February 1997.
***********
Based upon all of the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 24 February 1997, plaintiff was a twenty year old laborer, employed by Johnny Hanes and Bryan Berrier as a brick masons assistant.
2. Hanes and Berrier were subcontractors who were hired by a general contractor, Jackie Wood Construction.
3. On 24 February 1997, plaintiff fractured his left leg when he jumped down to the ground from the "bobcat he was operating as part of his assigned job duties with Hanes and Berrier. As plaintiff jumped to the ground, his left foot became stuck between the wheel and frame of the bobcat, causing a compound fracture to his leg. The sticking of plaintiffs foot between the wheel and frame of the bobcat as he attempted to dismount constituted an unlooked for and untoward event which was not expected or designed by plaintiff. Therefore, plaintiffs injury resulted from an accident arising out of and in the course of his employment.
4. Plaintiff was transported to North Carolina Baptist Hospital in Winston-Salem. Plaintiffs fracture was surgically corrected by Dr. David Ruch. Plaintiff was discharged after three days.
5. A second surgery was performed on 22 October 1997, to remove the hardware placed in plaintiffs leg during the first surgery.
6. Plaintiff had not returned to work for any other employer at the time of the hearing before the Deputy Commissioner. However, plaintiff was released by Dr. Ruch to return to full duty on 16 January 1998.
7. Plaintiff, as a result of his 24 February 1997 injury, retains a five percent (5%) permanent partial disability to his left leg.
8. At the time of plaintiffs injury, defendants Hanes and Berrier were covered by a policy issued by defendant North Carolina Mutual Employers Self-Insurance Fund (hereinafter referred to as NCME). The coverage of said policy was effective 1 January 1997, through 1 January 1998. The Full Commission finds as a fact that this policy was in full force and effect at the time of plaintiffs injury.
9. The NCME fund policy was cancelled for non-payment of premiums in November 1997. NCME accepted premium payments even after they found out that the plaintiff was employed with Hanes and Berrier, a fact which was not disclosed to them when the policy was issued.
10. Plaintiff testified that when he began working for defendants he was paid $9.00 per hour. Plaintiff claimed that at the time of the accident, he had received raises bringing his hourly wage to $11.00. He further testified that he worked 40 hours per week with an average of eight hours overtime at $16.50 per hour while working for Hanes and Berrier in 1996 and 1997. Defendants Hanes and Berrier dispute this. Defendants Hanes and Berrier testified that plaintiff earned $9.00 per hour at the time of the accident, and only worked 10 to 15 hours a week due to weather related work stoppages. Defendants Hanes and Berrier produced no financial records in regard to plaintiffs wages or the hours he worked.
11. There is testimony that inclement weather at times may prevent a construction worker from working an average of 40 or more hours a week. No evidence was offered regarding work loss due to inclement weather during plaintiffs employment.
12. Plaintiff testified that he was usually paid in cash but was paid by check on two occasions. Plaintiffs mother, who was involved in preparing both plaintiffs individual taxes and the companys tax returns failed to report the alleged payments to the plaintiff to the federal government on behalf of either entity.
13. The Deputy Commissioner determined plaintiffs average weekly wage by taking an approximation of the amount plaintiff reported on his income tax return for 1996, the year prior to sustaining his injury, and dividing that amount by 52. Because those earnings were not for the same employer at the same wage and for the same employment, the method used by the Deputy Commissioner is contrary to law.
14. The Full Commission finds that neither the testimony of defendants Hanes and Berrier or that of plaintiff concerning his wages or hours worked per week is credible. None of the parties have maintained records of the dates plaintiff worked, the number of hours he worked, or the wages he received. The only fact upon which the parties agree is that plaintiff was hired at the hourly wage of $9.00. For these exceptional reasons, neither of the first three methods for computing average weekly wages contained in the first paragraph of N.C. Gen. Stat. 97-2(5) would provide a fair and just result to either party; therefore, the fourth method contained in the second paragraph of the statute must be used in order to most nearly approximate the amount which plaintiff would be earning were it not for the injury. Accordingly, the undersigned find as fact that establishing plaintiffs average weekly wage on the basis of a 40 hour work week at a wage of $9.00 per hour is fair and just to both parties.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 24 February 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. As a result of his injury by accident, plaintiff was temporarily totally disabled from 24 February 1997 through 16 January 1998. N.C. Gen. Stat. 97-29.
3. As a result of plaintiffs compensable injury, he retains a 5% permanent partial disability to his left leg and is entitled to compensation at the rate of $240.01 for 10 weeks. N.C. Gen. Stat. 97-31.
4. Plaintiff is entitled to have defendants pay for any and all medical treatment he received which was reasonably necessary to effect a cure, give relief, and lessen plaintiffs period of disability. N.C. Gen. Stat.97-25.
5. The Commissions decision whether to allow a motion to withdraw an appeal from the decision of a deputy commissioner is discretionary.McDowell v. Kure Beach, 251 N.C. 818, 112 S.E.2d 390 (1960). The appeal is under the control of the Commission, and the appellant does not have the absolute right to dismiss it. Id. Further, while an appellant may generally dismiss his appeal without the consent of the appellee, he may not when to do so would result in prejudice to the appellee. Id., citing
3 Am. Jur. 321 — Appeal and Error, Sec. 747.
In this case, the Opinion and Award contains an error of law. If defendants are permitted to withdraw their appeal, plaintiff, whose appeal was filed untimely, would be left without an avenue to seek review of the deputy commissioners error in computing plaintiffs average weekly wage. Therefore, defendants Motion to Withdraw their appeal is properly denied so that the issue raised in plaintiffs appeal may be reviewed by the Full Commission.
6. Had defendants been permitted to withdraw their appeal and plaintiffs appeal thereafter been dismissed as untimely filed, the Industrial Commission may, on its own motion, review an Opinion and Award and vacate that portion which it determines itself was entered contrary to law. Ruth v. Carolina Cleaners, 206 N.C. 540, 174 S.E.2d 445 (1930). In this case, the deputy commissioner calculated plaintiffs average weekly wage by the use of a method which was not in compliance with any of the methods prescribed for such a calculation in N.C. Gen. Stat.97-2(5). The Opinion and Award does not contain any discernible explanation for the average weekly wage arrived at by the deputy commissioner. Further, there is no finding of fact that the preferred methods of calculating an average weekly wage as enumerated in the statute would produce results which are unfair and unjust to any of the parties as required. Wallace v. Music Shop, II, Inc., 11 N.C. App. 328,181 S.E.2d 237 (1971). Accordingly, the Full Commission hereby, on its own motion, vacates that portion of the Opinion and Award of the deputy commissioner which established plaintiffs average weekly wage in a manner contrary to law.
7. The first three methods for calculation of plaintiffs average weekly wage as provided by the first paragraph of N.C. Gen. Stat. 97-2(5) do not adequately address the facts in this case to provide a fair and just result to all parties. Therefore, the undersigned conclude that in order to ensure a fair and just result to all parties and to most nearly approximate the amount which plaintiff would be earning were it not for the injury, plaintiffs average weekly wage must be calculated at $9.00 per hour for 40 hours per week, resulting in an average weekly wage of $360.00 and a weekly compensation rate of $240.01. N.C. Gen. Stat. 97-2(5).
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following:
 AWARD
1. Defendant-employers Hanes and Berrier and their insurance carrier NCME are to pay plaintiff temporary total disability compensation in the amount of $240.01 per week for the period from 24 February 1997 through 16 January 1998. Said amount has accrued and shall be paid to plaintiff in a lump sum subject to the attorneys fee approved below.
2. The above named defendants shall pay plaintiff $2,400.10 in permanent partial disability compensation as a result of his injury by accident. Said amount shall be paid to plaintiff in a lump sum, subject to the attorneys fee approved below.
3. The above named defendants shall pay for plaintiffs medical treatment incurred, or to be incurred, as a result of plaintiffs injury by accident for so long as such treatment is reasonably required to effect a cure, give relief or tends to lessen plaintiffs period of disability.
4. Plaintiffs counsel is entitled to a reasonable attorneys fee of 25% of the compensation awarded to plaintiff in Paragraphs One and Two of this Award, which shall be deducted and sent directly to plaintiffs attorney.
5. The above-described defendants shall pay the costs.
This the ___ day of October, 2000.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER