***********
Upon review of the prior Order of the Deputy Commissioner and the evidence presented, and considering the briefs and oral arguments of counsel, the Full Commission reverses the Order of the Deputy Commissioner and enters the following Interlocutory Order.
 ***********
Based upon the competent evidence presented, the Full Commission finds that on August 13, 2010 plaintiff sustained an admittedly compensable injury resulting in paraplegia while working on a construction job for defendant-employer in New Orleans, Louisiana. At the time of his injury plaintiff lived in Monroe, North Carolina. Soon after his injury plaintiff was transported to the Shepherd Center in Atlanta, Georgia for treatment. On February 4, 2011 Plaintiff was discharged from the Shepherd Center's apartments, where he was housed while undergoing physical and occupational therapy. *Page 2 
Plaintiff filed an expedited medical motion seeking to transfer his care from the Shepherd Center to Carolinas Rehabilitation in Charlotte, North Carolina where he has family and a support system in the area. Plaintiff's father, who took time off from work to provide assistance to plaintiff in Atlanta with activities of daily life, must return to work, leaving plaintiff with no friends or family members nearby to assist him. Plaintiff's current case manager, Marilyn Taylor of the Shepherd Center, is supportive of transferring plaintiff to Carolinas Rehabilitation, in Charlotte where he has a support system nearby.
Since plaintiff just went from inpatient to outpatient status in February 2011, this is an ideal time for him to transfer his care to Carolinas Rehabilitation and return to his home area. Plaintiff currently resides with his father in an apartment in Atlanta, Georgia which plaintiff located after being discharged from the Shepherd Center on February 4, 2011. If plaintiff needs to be re-hospitalized while residing in Atlanta, he would not go back to Shepherd Center; he would go to Piedmont Hospital in Atlanta.
The Shepherd Center and Carolinas Rehabilitation have the same certifications and the two facilities routinely exchange patients. Plaintiff has already been evaluated by Dr. William Bockenek at Carolinas Rehabilitation and Dr. Bockenek has certified that they are ready, willing, and able to take care of plaintiff. Additionally, Carolinas Rehabilitation encourages the use of Botox to treat plaintiff's bladder incontinence, which has not yet been done by the Shepherd Center, although mentioned.
The Full Commission concludes based upon the greater weight of the evidence that plaintiff has presented good grounds to support his motion for an immediate order to transfer his treatment to Carolinas Rehabilitation in Charlotte, North Carolina. The decision of whether to allow the transfer of care as requested by the plaintiff lies within the discretion of the North *Page 3 
Carolina Industrial Commission. N.C. Gen. Stat. § 97-25. A stated purpose of the Workers' Compensation Act "is to relieve against hardship rather than to afford full compensation for injury."Kellams v. Carolina Metal Prods.,248 N.C. 199, 203, 102 S.E.2d 841, 844 (1958).
IT IS THEREFORE ORDERED that plaintiff's motion for an order from the Industrial Commission directing that his care be transferred to Carolinas Rehabilitation is GRANTED. Defendants shall immediately undertake necessary steps to change plaintiff's treatment to Carolinas Rehabilitation and to authorize and cooperate with treatment plans recommended by Carolinas Rehabilitation.
This the __ of May 2011.
 S/___________________
 BERNADINE S. BALANCE
 COMMISSIONER
CONCURRING:
S/___________________ LINDA CHEATHAM COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER